960 So.2d 1063 (2007)
Mary Kathleen BOSARGE and Delmas Bosarge, Jr.
v.
LOUISIANA PATIENT'S COMPENSATION FUND.
No. 2006 CA 1354.
Court of Appeal of Louisiana, First Circuit.
May 4, 2007.
Kevin S. Schoenberger, New Orleans, for PlaintiffsAppellees Mary Kathleen Bosarge and Delmas Bosarge, Jr.
David A. Woolridge, Jr., Larry M. Roedel, Baton Rouge, for DefendantsAppellants The Louisiana Patient's Compensation Fund Oversight Board and The Louisiana Patient's Compensation Fund.
Before: KUHN, GAIDRY, and WELCH, JJ.
*1064 WELCH, J.
This is an appeal by the Louisiana Patient's Compensation Fund and the Louisiana Patient's Compensation Fund Oversight Board[1] (collectively referred to as "the PCF") from a judgment in favor of the plaintiffs, Mary Kathleen Bosarge and Delmas Bosarge, Jr., declaring that their medical malpractice complaint against DePaul-Tulane Behavioral Health Center ("DePaul-Tulane") be deemed filed on October 22, 2004. For the following reasons, we vacate the judgment and remand for further proceedings.

FACTUAL AND PROCEDURAL HISTORY
By letter dated October 19, 2004, the plaintiffs sent a complaint to the Division of Administration requesting the formation of a medical review panel to review a claim against DePaul-Tulane for alleged acts of malpractice occurring on October 24, 2003.[2] Enclosed with the letter and complaint was a check in the amount of $100.00, payable to the PCF. This letter was addressed and mailed to the Division of Administration at an incorrect post office box.
On October 22, 2004, the plaintiffs sent the October 19, 2004 letter and complaint by facsimile transmission to the Division of Administration which "stamped and certified" the complaint "received" on that date.[3] A copy of the request was then forwarded to the PCF and received on October 28, 2004. By letter dated November 12, 2004, but not mailed until November 16, 2004, the PCF confirmed receipt of the plaintiffs' request for review and notified the plaintiffs that DePaul-Tulane was a qualified health care provider under the provisions of the MMA. The letter also provided as follows:
In accordance with Act No. 961 of the 2003 Regular Session, which amended LA R.S. 40:1299.47.A.(1)(c), effective August 15, 2003, a filing fee of $100 per qualified defendant is due within 45 days from the date of this notice. Please remit a payment to the [PCF] in the amount of $100.00. This filing fee may only be waived upon receipt of an affidavit from a physician or a district court's forma pauperis ruling as set forth in LA R.S. 40:1299.47A.(1)(d) as amended by Act No. 961. Failure to comply shall render the request invalid and without effect and the request shall not suspend the time within which suit must be instituted.
By letter dated January 27, 2005, the PCF notified the plaintiffs that they had failed to remit the $100 filing fee within the time allowed by law, and "declar[ed]" that the plaintiffs' case against DePaul-Tulane was "no longer considered filed" by its office. Thereafter, the plaintiffs sent a *1065 letter dated January 31, 2005, to the PCF disputing its contention that they had failed to remit the $100 filing fee or had failed to comply with the provisions of La. R.S. 40:1299.47(A)(1)(c). The plaintiffs further explained that they had mailed a check for the required fee with the original complaint, and although the original letter and complaint were mailed to an incorrect address, the letter, complaint, and check had not been returned to them, and therefore, they had assumed that the PCF had received and negotiated the check. Additionally, in the January 31, 2005 letter, the plaintiffs enclosed another check (dated January 31, 2005) payable to the PCF in the amount of $100 to replace the previous check.
The PCF received the plaintiffs' January 31, 2005 letter and check, and deposited the funds. Thereafter, the PCF sent a letter dated February 17, 2005, to the plaintiffs stating that "it continues to be the position of this office that [your] claim is invalid," that the January 31, 2005 check for the filing fee was received "beyond the time allowed," and that a "refund" of the filing fee would "be processed."
On March 8, 2005, the plaintiffs filed a "Petition for Judicial Review" against the PCF in the trial court requesting judicial review of the PCF's determination that their malpractice claim against DePaul-Tulane was "null and void," and requesting that their medical malpractice complaint be deemed filed as of October 22, 2004. On April 28, 2006, the trial court signed a written judgment in favor of the plaintiffs, declaring their medical malpractice complaint "be and is hereby deemed to have been filed with the PCF on October 22, 2004." It is from this judgment that the PCF now appeals.

LOUISIANA REVISED STATUTES 40:1299.47
The proceedings before the medical review panel are governed by La. R.S. 40:1299.47. At the applicable time period herein,[4] La. R.S. 40:1299.47(A) provided, in pertinent part:
A. (1)(a) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section. . . .
* * *
(c) A claimant shall have forty-five days from the mailing date of the confirmation of receipt of the request for review in accordance with R.S. 40:1299.47(A)(3)(a) to pay to the board a filing fee in the amount of one hundred dollars per named defendant qualified under this Part.
* * *
(e) Failure to comply with the provisions of Subparagraph (A)(1)(c) or
(d) of this Section within the specified time frame shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted in R.S. 40:1299.47(A)(2)(a).
* * *
(f) All funds generated by such filing fees shall be private monies and shall be applied to the costs of the Patient's *1066 Compensation Fund Oversight Board incurred in the administration of claims.
* * *
(2)(a) The filing of the request for a review of a claim shall suspend the time within which suit must be instituted, in accordance with this Part, until ninety days following notification, by certified mail, as provided in Subsection J of this Section, to the claimant or his attorney of the issuance of the opinion by the medical review panel, in the case of those health care providers covered by this Part, or in the case of a health care provider against whom a claim has been filed under the provisions of this Part, but who has not qualified under this Part, until sixty days following notification by certified mail to the claimant or his attorney by the board that the health care provider is not covered by this Part. The filing of a request for review of a claim shall suspend the running of prescription against all joint and solidary obligors, and all joint tortfeasors, including but not limited to health care providers, both qualified and not qualified, to the same extent that prescription is suspended against the party or parties that are the subject of the request for review. Filing a request for review of a malpractice claim as required by this Section with any agency or entity other than the division of administration shall not suspend or interrupt the running of prescription. . . .
(b) The request for review of a malpractice claim under this Section shall be deemed filed on the date of receipt of the request stamped and certified by the division of administration or on the date of mailing of the request if mailed to the division of administration by certified or registered mail only upon timely compliance with the provisions of Subparagraph (A)(1)(c) or (d) of this Section. Upon receipt of the request, the division of administration shall forward a copy of the request to the board within five days of receipt.
* * *
(3) It shall be the duty of the board within fifteen days of the receipt of the claim by the board to:
(a) Confirm to the claimant that the filing has been officially received and whether or not the named defendant or defendants have qualified under this Part.
(b) In the confirmation to the claimant pursuant to R.S. 40:1299.47(A)(3)(a), notify the claimant of the amount of the filing fee due and the time frame within which such fee is due to the board, and that upon failure to comply with the provisions of Subparagraph (A)(1)(c) or (d), the request for review of a malpractice claim is invalid and without effect and that the request shall not suspend the time within which suit must be instituted in R.S. 40:1299.47(A)(2)(a).
(c) Notify all named defendants, whether or not qualified under the provisions of this Part, that a filing has been made against them and request made for the formation of a medical review panel; and forward a copy of the proposed complaint to each named defendant at his last and usual place of residence or his office.
(4) The board shall notify the claimant and all named defendants be registered or certified mail, return receipt requested of any of the following information:
(a) The date of receipt of the filing fee.
(b) That no filing was due because the claimant timely provided the affidavit set forth in Item (A)(1)(d)(i) of this Section.

*1067 (c) That the claimant has timely complied with the provisions of Item (A)(1)(d)(ii) of this Section.
(d) That the required filing fee was not timely paid pursuant to Subparagraph (A)(1)(c) of this Section.

PETITION FOR JUDICIAL REVIEW
At the outset, we note that the plaintiffs' petition in this matter was captioned as a "Petition for Judicial Review" and requested, in accordance with La. R.S. 40:964, judicial review of the PCF's decision that the plaintiffs' claim filed on October 22, 2004 was considered "null and void" in accordance with La. R.S. 40:1299.47. The plaintiffs' petition also prayed for a declaration that their complaint be deemed filed on October 22, 2004, and alternatively, a declaration that the PCF waived its right to object to the late payment of the filing fee because it accepted and negotiated the plaintiffs' second check.
Louisiana Revised Statutes 40:964 provides that any "person who is aggrieved by a final decision or order in an adjudication proceeding is entitled to judicial review" of that decision. (Emphasis added.) However, the duties of the PCF under La. R.S. 40:1299.47(A) are mandatory duties of a clerical or ministerial nature to facilitate the medical review panel process. Golden v. Patient's Compensation Fund Oversight Bd., 40,801, p. 6 (La.App. 2nd Cir.3/8/06), 924 So.2d 459, 463, writ denied, XXXX-XXXX (La.6/2/06), 929 So.2d 1261; see also Estate of Nicks v. Patient's Compensation Fund Oversight Bd., XXXX-XXXX, p. 6 (La.App. 1st Cir.6/21/06), 939 So.2d 391, 396; In Re Medical Review Panel of Pierson, XXXX-XXXX, p. 3 (La.App. 1st Cir.5/9/03), 845 So.2d 1275, 1276, writ denied, XXXX-XXXX (La.10/10/03), 855 So.2d 324. The PCF's duties under La. R.S. 40:1299.47(A) are not adjudicative in nature, and therefore, the PCF lacks adjudicatory authority over the medical review panel proceeding.
Because the PCF lacks adjudicative authority in the proceeding before the medical review panel, we find that "Petition for Judicial Review" under La. R.S. 40:964 was not an appropriate proceeding to address the PCF's actions with regard to the plaintiffs' complaint. Nevertheless, pleadings should be interpreted according to their true meaning and effect in order to do substantial justice, rather than interpreted according to their caption. Alcorn v. City of Baton Rouge, Baton Rouge Police Department, 2003-2682, p. 3 (La.1/16/04), 863 So.2d 517, 519; La. C.C.P. art. 865. Since the plaintiffs' petition further sought a declaration that their complaint be deemed filed on October 22, 2004, or that the PCF waived its right to object to the late payment of the filing fee, we consider the plaintiffs' petition as a suit for declaratory judgment.

DECLARATORY JUDGMENT
A suit for declaratory judgment is an appropriate means to decide the rights and obligations of parties to a controversy. See La. C.C.P. art. 1871. When a declaratory judgment would terminate the uncertainty or controversy, the trial court should render such judgment. See La. C.C.P. art. 1876. However, "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding."
In this case, although the plaintiffs' suit seeks a declaration that their medical malpractice complaint against DePaul-Tulane be deemed filed with the PCF on October 22, 2004, it only names as a defendant the PCF. However, as the defendant in the underlying medical malpractice action, DePaul-Tulane had an "interest which would be affected by the [trial court's] declaration" *1068 that the medical malpractice complaint against it was timely filed and should have been made a party to the plaintiff's suit for declaratory judgment. Accordingly, we vacate the April 28, 2006 judgment of the trial court and remand this matter for further proceedings so that DePaul-Tulane can be made a party to the plaintiffs' suit.

CONCLUSION
For the above and foregoing reasons, the April 28, 2006 judgment of the trial court declaring the plaintiffs' complaint be deemed filed as of October 22, 2004 is hereby vacated and the matter is hereby remanded for further proceedings consistent with the views expressed in this opinion.
VACATED AND REMANDED.
NOTES
[1] The Louisiana Patient's Compensation Oversight Board is a legislatively created entity that administers the Louisiana Patient's Compensation Fund, which holds private monies in trust to compensate victims of medical malpractice and to protect qualified health care provider members who may be liable for damages caused by their malpractice. See La. R.S. 40:1299.44.
[2] All references to the provisions of the Medical Malpractice Act ("the MMA"), La. R.S. 40:1299.41, et seq., are to the content of such provisions during the appropriate time periods herein.
[3] A request for the review of a medical malpractice claim is filed with the Division of Administration and then forwarded by the Division of Administration to the PCF within five days of receipt. For all purposes, the complaint is deemed filed "on the date of receipt of the request stamped and certified" by the Division of Administration or "on the date of mailing of the request if mailed" to the Division of Administration by "registered or certified mail" provided that the filing fee is timely paid. See La. R.S. 40:1299.47(A)(2)(b).
[4] Louisiana Revised Statutes 40:1299.47(A) has since been amended by 2005 La. Acts, No. 127, § 1.