McClendon, j.
| /This is an appeal by the Louisiana Patient’s Compensation Fund Oversight Board (Oversight Board) from a judgment in favor of the plaintiff, Ruby Lane, which deemed plaintiffs request for a medical review panel as being timely filed. For the reasons that follow, we vacate the judgment of the trial court and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
Pursuant to the Louisiana Medical Malpractice Act (Act), LSA-R.S. 40:1299.41, et seq., Ms. Lane filed a medical malpractice complaint requesting the formation of a medical review panel to review her claim of malpractice against Baton Rouge General Medical Center (BRGMC) occurring on December 30, 2004. The complaint was mailed to the Commissioner of Administration, by letter dated December 21, 2005, and filed on December 23, 2005. The request was received by the Oversight Board on December 28, 2005.
By .letter dated January 6, 2006, and mailed on January 9, 2006, the Oversight Board confirmed receipt of Ms. Lane’s request for a medical review panel and notified her that BRGMC was a qualified health care provider under the Act. The letter further provided:
*803 In accordance with Act No. 961 of the 2003 Regular Session, which amended LA R.S. 40:1299.47.A.(l)(c), effective August 15, 2003, a filing fee of $100 per qualified defendant is due within 45 days from the date of this notice. Please remit a payment to the Patient’s Compensation Fund in the amount of $100.00. This filing fee may only be waived upon receipt of an affidavit from a physician or a district court’s forma pauperis ruling as set forth in LA R.S. 40:1299.47A.(l)(d) as amended by Act No. 961. Failure to comply shall render the request invalid and without effect and the request shall not suspend the time within which suit must be instituted.
laOn March 10, 2006, the Oversight Board réceived from Ms. Lane’s attorney a copy of its January 6, 2006 letter, with a check, dated March 8, 2006, in the amount of $100. On March 17, 2006, the Oversight Board notified Ms. Lane that because her payment, dated March 8, 2006, was “received beyond the time specified,” her request for review was rendered “invalid and without effect.” The Oversight Board also advised that a refund of $100 would be issued. A check in the amount of $100, dated March 23, 2006, was sent to Ms. Lane’s counsel, which was subsequently endorsed and cashed.
Thereafter, by letter dated March 29, 2006, Ms. Lane mailed to the Oversight Board an in forma pauperis affidavit and order of the trial court, signed on March 29, 2006, granting Ms. Lane informa pau-peris status “retroactive to December 23, 2005.” The letter, affidavit, and pauper ruling were received by the Oversight Board on April 3, 2006.
On April 24, 2006, the Oversight Board notified Ms. Lane that receipt of the filing fee on March 10, 2006, and receipt of the pauper ruling on March 24, 2006, were beyond the time specified by statute. Therefore, according to the Oversight Board, Ms. Lane’s claim was “still considered invalid.”
On August 11, 2006, Ms. Lane filed a rule to show cause in the 19th Judicial District Court requesting that an order issue:
directed to the [Oversight] Board to show cause why it should not be ordered to accept Ruby Lane as an indigent and/or to acknowledge that it cashed plaintiffs $100.00 check and then refunded it back to the plaintiffs attorney and further why the Patient’s Compensation Fund Oversight Board should not be ordered to continue Ruby Lane’s claim against Baton Rouge General Medical Center through the medical review process.
Following a hearing on October 30, 2006, the trial court rendered judgment on November 6, 2006, declaring Ms. Lane an indigent as of the |4day of the filing of her request for a medical review panel on December 23, 2005, and further ordering that Ms. Lane’s medical review panel request be deemed timely filed.
The Oversight Board suspensively appealed, asserting that the trial court erred in failing to find that both the filing fee and in forma pauperis ruling were received by the Oversight Board outside the forty-five day time period, as required by LSA-R.S. 40:1299.47 A(l), thereby statutorily rendering Ms. Lane’s request for a medical review panel “invalid and without effect” [1]
*804 DISCUSSION
Louisiana Revised Statute 40:1299.47 A(l), provided, at the applicable time period herein, in pertinent part:
A. (l)(a) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section.
[[Image here]]
(c) A claimant shall have forty-five days from the mailing date of the confirmation of receipt of the request for review in accordance with Subparagraph (3)(a) of this Subsection to pay to the board a filing fee in the amount of one hundred dollars per named defendant qualified under this Part.
(d) Such filing fee may be waived only upon receipt of one of the following:
(i) An affidavit of a physician holding a valid and unrestricted license to practice his specialty in the state of his residence certifying that adequate medical records have been obtained and reviewed and that the allegations of malpractice against each defendant health care provider named in the claim constitute a claim of a breach of the applicable standard of care as to each named defendant health care provider.
R(ii) An in forma pauperis ruling issued in accordance with Louisiana Code of Civil Procedure Article 5181 et seq. by a district court in a venue in which the malpractice claim could properly be brought upon the conclusion of the medical review panel process.[2]
(e)Failure to comply with the provisions of Subparagraph (c) or (d) of this Paragraph within the specified time frame shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted in Subparagraph (2)(a) of this Subsection.
In its appeal, the Oversight Board asserts that the above provisions clearly provide that Ms. Lane had forty-five days within which to submit the appropriate filing fee or her pauper ruling to avoid having her medical review panel request deemed invalid and without effect. Thus, because Ms. Lane failed to file either timely, the trial court erred as a matter of law in deeming her request for a review panel as being filed timely. Conversely, Ms. Lane contends that the Oversight Board has no authority to prevent her from moving forward with her claim. Specifically, Ms. Lane asserts that she has complied with the statute requiring that she submit an in forma pauperis ruling pursuant to LSA-R.S. 40:1299.47 A(l)(d)(ii), and the ruling was given retroactive effect to December 23, 2005.
Initially, we note the recent First Circuit’s decision in Bosarge v. Louisiana Patient’s Compensation Fund, 06-1354 (La. App. 1 Cir. 5/4/07), 960 So.2d 1063, a case which is factually similar to the present matter. In Bosarge, the plaintiffs re *805 quested a medical review panel to review their claim against a health care provider for alleged acts of medical malpractice occurring on October 24, 2003. The complaint was received on October 22, | f;2004, by the Division of Administration and by the Oversight Board on October 28, 2004. By letter dated November 12, 2004, but not mailed until November 16, 2004, the Oversight Board confirmed receipt of the panel request and informed claimants of the required filing fee and time periods within which the filing fee had to be submitted. Bosarge, 06-1354 at pp. 2-3, 960 So.2d at 1064.[3]
Thereafter, the Oversight Board notified the plaintiffs by letter, dated January 27, 2005, that they had failed to remit the filing fee within the time specified. The plaintiffs responded with a letter dated January 31, 2005, in which they stated that they had mailed the filing fee, although mailed to an incorrect address, and further enclosed another check for the filing fee. The Oversight Board received the letter and check and notified the plaintiffs that it was maintaining its position that plaintiffs’ claim was invalid. Plaintiffs then filed a petition for review against the Oversight Board in the trial court, seeking a review of the Oversight Board’s determination that plaintiffs’ malpractice claim against the health care provider was null and void and requesting that their request for a medical review panel be deemed filed as of October 22, 2004. The trial court rendered judgment in favor of the plaintiffs declaring their complaint deemed to have been filed on October 22, 2004. Bosarge, 06-1354 at pp. 3-4, 960 So.2d at 1064-65.
On appeal, this court determined that plaintiffs’ petition for judicial review was not an appropriate proceeding, since the Oversight Board lacks adjudicative authority in the medical review panel proceeding, but considered the plaintiffs’ request for a declaration that their complaint be deemed filed on October 22, 2004, as a suit for declaratory judgment. This |7court further noted that the plaintiffs’ suit named only the Oversight Board as a defendant and that the defendant in the underlying medical malpractice action had an “interest that would be affected by the declaration” of the trial court that the medical malpractice complaint filed against it was timely filed. See LSA-C.G.P. art. 1880.[4] Accordingly, this court, holding that the defendant in the underlying medical malpractice action should have been made a party to plaintiffs’ suit for a declaratory judgment, vacated the trial court’s judgment, and remanded the matter to allow the defendant to be made a party to plaintiffs’ suit. Bosarge, 06-1354 at pp. 7-8, 960 So.2d at 1067-68.
Similarly, in this matter, Ms. Lane argued that her request for a medical review panel was timely filed and sought an order that she be allowed to continue through the medical review process. Although her rule to show cause did not specifically seek a declaratory judgment, the trial court’s judgment declared that Ms. Lane’s medical review panel request be deemed as timely filed. Also, like Bosarge, in Ms. Lane’s rule to show cause, the qualified *806 health care provider was not made a party to the proceedings.[5]
We further note that a defendant health care provider can raise the exception of prescription during the pendency of the medical review panel | Rprocess. Thus, BRGMC, the qualified health care provider, would surely be affected by the declaration herein. See LSA-R.S. 40:1299.47 B(2).[6]
Accordingly, in light of this circuit’s decision in Bosarge, we vacate the judgment of the trial court and remand this matter for further proceeding so that BRGMC can be made a party to Ms. Lane’s suit.
CONCLUSION
For the above and foregoing reasons, the November 6, 2006 judgment of the trial court declaring that Ms. Lane’s request for a medical review panel be deemed timely filed as of December 23, 2005, is hereby vacated and the matter is remanded for further proceedings consistent with the views expressed in this opinion.
REVERSED AND REMANDED.
GAIDRY, J., concurs (by JMM).
McDONALD, J., concurs and assigns reasons.

. After the filing of the Oversight Board's appeal, this court, ex proprio motu, issued a show cause order why the appeal should not be dismissed as an interlocutory, non-appeal-able judgment. On May 31, 2007, a panel of *804 the court recalled the rule to show cause and maintained the appeal.

. Louisiana Civil Code of Procedure Article 5181 provides, in pertinent part:
[A]n individual who is unable to pay the costs of court because of his poverty and lack of means may prosecute or defend a judicial proceeding in any trial or appellate court without paying the costs in advance or as they accrue or furnishing security therefor.

. Bosarge, unlike the present matter, did not involve an in forma pauperis ruling, but the issue therein was the timeliness of the filing fee, similar to the present issue of the timeliness of the filing of the pauper status ruling.

. Louisiana Code of Civil Procedure Article 1880 provides, in pertinent part:
When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

. Actually, no one was a named defendant in the rule to show cause; however, Ms. Lane requested service on the Oversight Board only. Thus, BRGMC was not notified nor made part of this declaratory judgment action.

. Section 1299.47 B(2) of the Act provides:
B. (2)(a) A health care provider, against whom a claim has been filed under the provisions of this Part, may raise any exception or defenses available pursuant to R.S. 9:5628 in a court of competent jurisdiction and proper venue at any time without need for completion of the review process by the medical review panel.
(b) If the court finds that the claim had prescribed or otherwise was perempted pri- or to being filed, the panel, if established, shall be dissolved.