WELCH, J.
 

 12This is an appeal by the Louisiana Patient’s Compensation Fund and the Louisiana Patient’s Compensation Fund Oversight Board
 
 [1]
 
 (collectively referred to as “the PCF”) and DePaul/Tulane Behavioral Health Center (“DePaul-Tulane”) from a judgment in favor of the plaintiffs, Mary Kathleen Bosarge and Delmas Bosarge, Jr., declaring that their medical malpractice complaint against DePaul-Tulane was deemed filed on October 22, 2004. After considering the provisions of La. R.S. 40:1299.47(A)
 
 [2]
 
 in light of the undisputed evidence in the record, we find that the plaintiffs did not pay the requisite filing fee within the statutory time frame that would allow the complaint to be deemed filed on that date; therefore, we reverse the judgment of the trial court in compliance with Uniform Rules-Courts of Appeal Rule 2-16.KB).
 

 We borrow from our earlier opinion,
 
 Bosarge v. Louisiana Patient’s Compensation Fund,
 
 2006-1354, pp. 2-4 (La.App. 1st Cir.5/4/07), 960 So.2d 1063, 1064-1065:
 

 By letter dated October 19, 2004, the plaintiffs sent a complaint to the Division of Administration requesting the formation of a medical review panel to review a claim against DePaul-Tulane for alleged acts of malpractice occurring on October 24, 2003. Enclosed with the letter and complaint was a check in the amount of $100.00, payable to the PCF. This letter was addressed and mailed to the Division of Administration at an incorrect post office box.
 

 On October 22, 2004, the plaintiffs sent the October 19, 2004 letter and complaint by facsimile transmission to the Division of Administration which “stamped and certified” the complaint “received” on that date. A copy of the request was then forwarded to the PCF and received on October 28, 2004. By letter dated November 12, 2004,
 
 but not mailed
 
 until November 16, 2004, the PCF confirmed receipt of the plaintiffs’ request for review and notified the plaintiffs |,othat DePaul-Tulane was a qualified health care provider under the provisions of the MMA. The letter also provided as follows:
 

 In accordance with Act No. 961 of the 2003 Regular Session, which amended LA R.S. 40:1299.47.A.(l)(c), effective August 15, 2003, a filing fee of $100 per qualified defendant is due within 45 days from the date of this notice. Please remit a payment to the [PCF] in the amount of $100.00. This filing fee may only be waived upon receipt of an affidavit from a physician or a district court’s forma pauperis ruling as set forth in LA R.S. 40:1299.47A.(l)(d) as amended by Act No. 961. Failure to comply shall ren
 
 *12
 
 der the request invalid and without effect and the request shall not suspend the time within which suit must be instituted.
 

 By letter dated January 27, 2005, the PCF notified the plaintiffs that they had failed to remit the $100 filing fee within the time allowed by law, and “dec-lar[ed]” that the plaintiffs’ case against DePaul-Tulane was “no longer considered filed” by its office. Thereafter, the plaintiffs sent a letter dated January 31, 2005, to the PCF disputing its contention that they had failed to remit the $100 filing fee or had failed to comply with the provisions of La. R.S. 40:1299.47(A)(l)(c). The plaintiffs further explained that they had mailed a check for the required fee with the original complaint, and although the original letter and complaint were mailed to an incorrect address, the letter, complaint, and check had not been returned to them, and therefore, they had assumed that the PCF had received and negotiated the check. Additionally, in the January 31, 2005 letter, the plaintiffs enclosed another check (dated January 31, 2005) payable to the PCF in the amount of $100 to replace the previous check.
 

 The PCF received the plaintiffs’ January 31, 2005 letter and check, and deposited the funds. Thereafter, the PCF sent a letter dated February 17, 2005, to the plaintiffs stating that “it continues to be the position of this office that [your] claim is invalid,” that the January 31, 2005 check for the filing fee was received “beyond the time allowed,” and that a “refund” of the filing fee would “be processed.”
 

 On March 8, 2005, the plaintiffs filed a “Petition for Judicial Review” against the PCF in the trial court requesting judicial review of the PCF’s determination that their malpractice claim against DePaul-Tulane was “null and void,” and requesting that their medical malpractice complaint be deemed filed as of October 22, 2004. On April 28, 2006, the trial court signed a written judgment in favor of the plaintiffs, declaring their medical malpractice complaint “be and is hereby deemed to have been filed with the PCF on October 22, 2004.” (Footnotes omitted.)
 

 The PCF appealed the April 28, 2006 judgment, and on review of that judgment, this court determined that the plaintiffs’ petition actually sought | declaratory judgment, and then held that DePaul-Tulane, as the defendant in the underlying medical malpractice action, had an interest that would be affected by the trial court’s declaration and should have been made a party to the plaintiffs’ suit. Therefore, this court vacated the April 28, 2006 judgment and remanded the matter to allow DePaul-Tulane to be made a party to the plaintiffs’ suit.
 
 Bosarge,
 
 2006-1354 at p. 8, 960 So.2d at 1067-1068.
 

 On July 3, 2007, the plaintiffs filed a supplemental and amended petition naming DePaul-Tulane as a party to this action. DePaul-Tulane filed an answer generally denying the allegations of the plaintiffs’ petition and asserting the affirmative defense that the plaintiffs’ initial request for the formation of a medical review panel to review the alleged acts of malpractice was not timely filed, and therefore, the claim was prescribed.
 

 On August 6, 2008, the trial court signed a written judgment in favor of the plaintiffs and against DePaul-Tulane, declaring that the plaintiffs’ medical malpractice complaint against DePaul-Tulane “be and is hereby deemed to have been filed with the PCF on October 22, 2004.”
 
 [3]
 
 From
 
 *13
 
 this judgment, both the PCF and DePaul-Tulane have appealed. On appeal, De-Paul-Tulane and the PCF contend that the trial court erred in failing to find that the plaintiffs’ request for review of them malpractice claim was statutorily rendered “invalid and without effect” when it determined that the initial filing fee was not timely paid to the PCF within the forty-five day period set forth in La. R.S. 40:1299.47(A)(l)(c). Additionally, the PCF asserts that the trial court erred in finding that the PCF’s action in negotiating the plaintiffs’ second untimely check for the filing fee | .^rendered the payment of the filing fee timely.
 

 Louisiana Revised Statutes 40:1299.47(A)(l)(c) and (e) establish the amount and time period within which a medical malpractice claimant must pay a filing fee with the PCF, and the legal effect of the failure to do so:
 
 [4]
 

 (c) A claimant shall have forty-five days from the mailing date of the confirmation of receipt of the request for review in accordance with Subparagraph (3)(a) of this Subsection to pay to the board a filing fee in the amount of one hundred dollars per named defendant qualified under this Part.
 

 * ⅜ *
 

 (e) Failure to comply with the provisions of Subparagraph (c) or (d) of this paragraph within the specified time frame shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted in Subparagraph (2)(a) of this Subsection.
 

 Louisiana Revised Statutes 40:1299.47(A)(2)(b) expressly conditions the effective date of filing of the request for a medical review panel upon timely payment of the required filing fee:
 

 (b) The request for review of a malpractice claim under this Section shall be deemed filed on the date of receipt of the request stamped and certified by the division of administration or on the date of mailing of the request if mailed to the division of administration by certified or registered mail only upon timely compliance with the provisions of Subpara-graph (l)(c) or (d) of this Subsection. Upon receipt of the request, the division of administration shall forward a copy of the request to the board within five days of receipt.
 

 
 *14
 
 Finally, La. R.S. 40:1299.47(A)(3) and (4) impose a duty upon the PCF to notify a medical malpractice claimant of its receipt of a request for a medical review panel and the amount and deadline for filing of the required filing fee:
 

 |⅜(3) It shall be the duty of the board within fifteen days of the receipt of the claim by the board to:
 

 (a) Confirm to the claimant that the filing has been officially received and whether or not the named defendant or defendants have qualified under this Part.
 

 (b) In the confirmation to the claimant pursuant to Subparagraph (a) of this Paragraph, notify the claimant of the amount of the filing fee due and the time frame within which such fee is due to the board, and that upon failure to comply with the provisions of Subparagraph (l)(c) or (d) of this Subsection, the request for review of a malpractice claim is invalid and without effect and that the request shall not suspend the time within which suit must be instituted in Sub-paragraph (2)(a) of this Subsection.
 

 (c) Notify all named defendants, whether or not qualified under the provisions of this Part, that a filing has been made against them and request made for the formation of a medical review panel; and forward a copy of the proposed complaint to each named defendant at his last and usual place of residence or his office.
 

 (4) The board shall notify the claimant and all named defendants of any of the following information:
 

 (a) The date of receipt of the filing fee.
 

 (b) That no filing was due because the claimant timely provided the affidavit set forth in Item (l)(d)(i) of this Subsection.
 

 (c) That the claimant has timely complied with the provisions of Item (l)(d)(ii) of this Subsection.
 

 (d) That the required filing fee was not timely paid pursuant to Subpara-graph (l)(c) of this Subsection.
 

 In this case, the record establishes that on October 22, 2004, the plaintiffs’ request for review of their malpractice claim was stamped and certified as received by the Division of Administration. By letter dated November 12, 2004, the PCF confirmed receipt of the plaintiffs’ request for a medical review panel, confirmed that DePaul-Tulane was a qualified health care provider under the MMA, notified the plaintiffs that a $100.00 filing fee was due within forty-five days of the date of the mailing of the letter, and that the failure to pay the filing fee within forty-five days would render the request for review invalid and without effect and would not suspend the time within which a suit must be instituted. The November 12, 200417letter was mailed to the plaintiffs on November 16, 2004. Therefore, pursuant to La. R.S 40:1299.47(A)(2)(b), the plaintiffs’ request for review would be deemed filed on October 22, 2004, only upon timely compliance with La. R.S. 40:1299.47(A)(l)(e). Louisiana Revised Statutes 40:1299.47(A)(l)(c) required the plaintiffs to pay the $100.00 filing fee to the PCF within forty-five days of November 16, 2004 — the date the confirmation of the receipt of the request for a medical review panel was mailed. Forty-five days from November 16, 2004, was December 31, 2004. However, the plaintiffs did not mail the $100.00 filing fee to the PCF until January 31, 2005. This was not within the statutory forty-five day time frame. Thus, according to La. R.S. 40:1299.47(A)(l)(e), the plaintiffs’ request for review of the malpractice claim was “invalid and without effect.”
 

 
 *15
 
 Although the plaintiffs contend that the PCF waived the right to reject the request for review as untimely since the PCF negotiated the check for the filing fee, we find no merit to this argument. The duties of the PCF under La. R.S. 40:1299.47(A) are mandatory duties of a clerical or ministerial nature to facilitate the medical review process.
 
 Bosarge,
 
 2006-1354 at p. 6, 960 So.2d at 1067. Therefore, any action taken by the PCF in furtherance of those clerical or ministerial duties, such as depositing a filing fee check, would likewise be of a clerical or ministerial nature. Thus, such actions should not have any effect on the date on which a request for review of a malpractice claim is deemed to be filed or transform an untimely payment of the filing fee into a timely payment.
 

 In this case, the plaintiffs’ complaint could only be deemed filed on October 22, 2004, the date it was stamped and certified as received by the Division of Administration, if the $100.00 filing fee was paid within forty-five days of November 16, 2004. The plaintiffs did not do so, and therefore, their suit could not be deemed filed on October 22, 2004. Furthermore, since the plaintiffs did not pay the $100.00 filing fee within forty-five days of November 16, 2004, La. R.S. |s40:1299.47(A)(l)(e) compels the conclusion that the plaintiffs’ request for a review of their malpractice claim was “invalid and without effect.” Because the trial court erroneously concluded otherwise, the August 6, 2008 declaratory judgment of the trial court is hereby reversed in compliance with Uniform Rules-Courts of Appeal Rule 2-16.1(B). We remand for further proceedings consistent with this opinion.
 

 All costs of this appeal are assessed to the plaintiffs/appellees, Mary Kathleen Bo-sarge and Delmas Bosarge, Jr.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . The Louisiana Patient's Compensation Oversight Board is a legislatively created entity that administers the Louisiana Patient’s Compensation Fund, which holds private monies in trust to compensate victims of medical malpractice and to protect qualified health care provider members who may be liable for damages caused by their malpractice.
 
 See
 
 La. R.S. 40:1299.44.
 

 [2]
 

 . All references to the provisions of the Medical Malpractice Act ("the MMA”), La. R.S. 40:1299.41,
 
 et seq.,
 
 are to the content of such provisions during the appropriate time pen-oc¡s herein.
 

 [3]
 

 . The original judgment was signed by the trial court on July 29, 2008. This original
 
 *13
 
 judgment declared the plaintiffs’ medical malpractice complaint “be and is hereby deemed to have been filed with the PCF on October 22, 2007.” The record reflects that the parties acknowledged that the October 22, 2007 date contained in the July 29, 2008 judgment was a typographical or clerical error and that October 22, 2004 was the date that the trial court declared the plaintiffs' complaint was deemed to have been filed with the PCF. Thus, the August 6, 2008 amended judgment merely altered the phraseology of the judgment by correcting the clerical error and did not alter its substance.
 
 See
 
 La. C.C.P. art. 1951.
 

 [4]
 

 . We also note that under La. R.S. 40:1299(A)(1)(d)© and (ii), the filing fee may be waived if the plaintiffs, within forty-five days of the mailing date of the confirmation of receipt, submits to the PCF either an affidavit of a physician holding a valid and unrestricted license to practice his specialty in the state of his residence certifying that adequate medical records have been obtained and reviewed and that the allegations of malpractice against each defendant health care provider named in the claim constitutes a claim of a breach of the applicable standard of care as to each named defendant health care provider, or an
 
 in forma pauperis
 
 ruling from a district court in a venue in which the malpractice claim could properly be brought upon conclusion of the medical review panel process. However, compliance with either of these provisions was not at issue in this ease.