# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

# 2019 CA 0363

## CHILDREN'S HOSPITAL

## VERSUS

## KEN SCHNAUDER, IN HIS OFFICIAL CAPACITY AS EXECUTIVE DIRECTOR OF THE LOUISIANA PATIENT'S COMPENSATION FUND & THE LOUISIANA PATIENT'S COMPENSATION FUND OVERSIGHT BOARD & JONTRELL ROBINSON

**Judgment Rendered:** DEC 2 1 2020

\* \* \* \* \* \*

On Appeal from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Docket No. C670043

Honorable Timothy E. Kelley, Judge Presiding

\* \* \* \* \* \*

| | |
|---|---|
| Peter E. Sperling<br>Nairda T. Colon<br>Halley S. Carter<br>New Orleans, Louisiana | Counsel for Plaintiffs/Appellees<br>Children's Hospital & Its Employees |
| David A. Woolridge, Jr.<br>Brent J. Bourgeois<br>Baton Rouge, Louisiana | Counsel for Defendants/Appellees<br>Louisiana Patient's Compensation<br>Fund Oversight Board & Ken Schnauder |
| J. Nelson Mayer, IV<br>New Orleans, Louisiana | Counsel for Defendant/Appellant<br>Jontrell Robin, Individually & on behalf<br>Of her minor child, Devin Robinson |

\* \* \* \* \* \*

BEFORE: McCLENDON, WELCH, HIGGINBOTHAM, HOLDRIDGE, AND LANIER, JJ.

**McCLENDON, J.**

Jontrell Robinson appeals a trial court judgment that granted a petition for writ of mandamus and ordered Ken Schnauder, in his official capacity as Executive Director of the Louisiana Patient's Compensation Fund and the Louisiana Patient's Compensation Fund Oversight Board (collectively referred to as "the PCF"), to direct the PCF to notify Ms. Robinson and all named defendants that Ms. Robinson's request for a medical review panel was invalid and without effect due to her failure to timely pay the required filing fee per defendant, and to remit to Ms. Robinson the filing fees that were paid. For the reasons that follow, we reverse the judgment of the trial court and remand this matter for further proceedings consistent with our opinion rendered herein.

## FACTUAL AND PROCEDURAL HISTORY

Pursuant to the Louisiana Medical Malpractice Act ("the Act"), LSA-R.S. 40:1231.1, *et seq.*[1], Ms. Jontrell Robinson filed a request with the Division of Administration seeking the formation of a medical review panel to review her claim of medical malpractice alleged against eight named defendants. By letter dated October 22, 2015, the PCF acknowledged receipt of Ms. Robinson's request for a medical review panel; confirmed that defendants Children's Hospital and Druby Hebert were qualified under the Act; reported that defendants Robin English, Anneke Matthews, and Connie T. Waguespack were not qualified under the Act, because the PCF had no records of them; explained that the qualified status of defendants Kimberly R. Johnson, Leon Benoit, and Victoria Mangus was not yet verified; notified Ms. Robinson that a filing fee of $100 per qualified defendant was due within forty-five days of the postmark of the letter pursuant to LSA-R.S. 40:1231.8(A)(1)(c) ("the statutory time frame"); requested payment of the filing fees then due as to the two qualified defendants, Children's Hospital and Hebert, in the amount of $200; and stated that failure to make payment within the forty-five day statutory time frame would render the request for review invalid, without effect, and would not suspend the time to file suit.

---

[1] Prior to 2015, claims against private health care providers were governed by Louisiana Revised Statutes 40:1299.41-47. Pursuant to Act 84 of the 2015 Regular Legislative Session, effective June 2, 2015, the Act was redesignated as Louisiana Revised Statutes 40:1231.1-1231.10. For ease of reference, all citations are to the current statutory designation. **Kirt v. Metzinger**, 2019-1162 (La. 4/3/20), ___ So.3d ___, **4, fn. 3, reh'g denied, 2019-01162 (La. 7/9/20), 298 So.3d 168.

2

The PCF subsequently confirmed the qualified status of defendants Johnson, Benoit, and Mangus by letter dated November 3, 2015. Therefore, the PCF requested payment of additional filing fees in the amount of $300 within the forty-five day statutory time frame. Consistent with the October 22, 2015 letter, the November 3, 2015 letter stated that that failure to pay the filing fees within the statutory time frame would render the request for review invalid, without effect, and would not suspend the time to file suit. In compliance with the October 22, 2015 and November 3, 2015 letters, Ms. Robinson remitted payment to the PCF in the amount of $500 for the confirmed qualified defendants. In a November 16, 2015 letter, the PCF acknowledged receipt of the filing fees and provided instructions regarding the selection of an attorney chairman.

The PCF notified Ms. Robinson that it was verifying the status of defendants Matthews and Waguespack by letter dated November 10, 2015, and confirmed their qualified status by letter dated November 20, 2015. Accordingly, the PCF requested payment of an additional $200 in filing fees. Like the October 22, 2015 and November 3, 2015 letters, the November 20, 2015 letter stated that failure to make payment within the statutory timeframe would render the request for review invalid, without effect, and would not suspend the time to file suit.

Thereafter, Ms. Robinson remitted payment in the amount of $100. The PCF acknowledged receipt of the payment by letter dated December 15, 2015, and advised that a balance of $100 remained. Ms. Robinson did not remit the remaining balance of $100 to the PCF. In a letter dated January 25, 2016, the PCF notified Ms. Robinson that because she had failed to remit the final $100 filing fee within the forty-five day statutory time frame, "the above cited case is **considered invalid and without effect as to Anneke Matthews or Connie Waguespack.**" The January 25, 2016 letter further requested that Ms. Robinson "advise this office as to which defendant you want invalidated."

On May 31, 2018, Children's Hospital and its employees, Druby Hebert, Anneke Matthews, Connie Waguespack, Kimberly R. Johnson, Leon Benoit, and Victoria Mangus (collectively, "appellees"), filed a Petition for Writ of Mandamus, naming as defendants

3

Ms. Robinson and Mr. Schnauder in his official capacity as Executive Director for the PCF. Therein, appellees maintained that upon Ms. Robinson's failure to pay the full $700 in filing fees within the statutory time frame, the PCF had a ministerial duty to notify Ms. Robinson and all named defendants that the request for review was rendered invalid and without effect. Appellees alleged that the PCF failed to carry out this ministerial duty and acted outside of its statutory authority when it determined that Ms. Robinson's request for review was invalid and without effect only as to Matthews or Waguespack. Accordingly, appellees sought judgment mandating that the PCF notify Ms. Robinson and all named defendants that the full required filing fee was not timely paid within the statutory timeframe, and therefore, Ms. Robinson's request for review of a malpractice claim was invalid and without effect pursuant to LSA-R.S. 40:1231.8(A)(1)(e). Appellees also requested judgment mandating that the PCF return or refund to Ms. Robinson $600, representing the incomplete, and therefore untimely, filing fee paid by Ms. Robinson to the PCF.

On June 20, 2018, the PCF and Mr. Schnauder, in his official capacity as Executive Director for the PCF, filed an Answer to the Petition for Writ of Mandamus. The PCF generally denied liability. In a pre-hearing memorandum, the PCF urged the trial court to "determine whether the entire claim, or the claim only as to one of the two healthcare providers, should have been statutorily rendered invalid and without effect as a result of [Ms. Robinson] failing to timely pay the filing fee balance of $100."

Ms. Robinson opposed the Petition for Writ of Mandamus. Ms. Robinson conceded that the complaints against Waguespack and Matthews had prescribed as a matter of law due to the failure to pay the full filing fee as to those defendants within the statutory timeframe. However, Ms. Robinson argued that the other defendants were "properly involved in an ongoing medical review panel proceeding and the complaints as to Children's Hospital and its employees... were timely filed and paid for, with proceedings commenced."

The trial court granted the Writ of Mandamus at a July 16, 2018 hearing. A written judgment was signed on July 31, 2018, providing in pertinent part:

4

**IT IS ORDERED, ADJUDGED, AND DECREED** that Petitioners' Writ of Mandamus is **GRANTED**, that the Writ of Mandamus be made peremptory, and that Mr. Schnauder, in his official capacity as Executive Director of the Louisiana Patient['s] Compensation Fund and the Louisiana Patient's Compensation Fund Oversight Board (hereinafter "LPCF"), shall direct the LPCF to (1) notify Ms. Robinson and all named defendants in the LPCF File No. 2015-01161 by certified mail that the required filing fee was not timely paid, and that as a result, Ms. Robinson's request for review of a malpractice claim has been rendered invalid and without effect, and (2) return or refund to Ms. Robinson $600.00, representing the incomplete, and therefore untimely, filing fee paid to the LPCF.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that costs in filing the Petition for Writ of Mandamus are assessed to the LPCF.

Ms. Robinson appeals[2] this judgment, asserting the following assignments of error:

1) The trial court erred in granting appellees' Writ of Mandamus.

2) The trial court erred in its application of the provisions of LSA-R.S. 40:1231.8(A)(1)(c) and LSA-R.S. 40:1231.8(A)(1)(e) leading to absurd consequences, not intended by the legislature.

3) The trial court erred in failing to consider the language of LSA-R.S. 40:1231.8(A)(1)(g) leading to absurd consequences, not intended by the legislature.

## LAW & ARGUMENTS

All medical malpractice claims against qualified health care providers must be reviewed by a medical review panel prior to suit. **In re Med. Review Panel Proceedings of Ouder**, 2007-1266 (La.App. 1 Cir. 5/2/08), 991 So.2d 58, 60. Louisiana Revised Statutes 40:1231.8 provides that a claimant must initiate the procedure by filing a written request for review of the claim by a medical review panel with the Louisiana Division of Administration ("Division"). Upon the Division's receipt of a request for review, the request must be file-stamped, certified, and forwarded to the PCF within five days. See LSA-R.S. 40:1231.8(A)(2)(b).

Within fifteen days of receipt of a request for review, the PCF is required to confirm to the claimant by certified mail, return receipt requested, that the request for review has been officially received; whether or not the named defendant or defendants are qualified under the Act; the amount of the filing fee due and the time frame within

---

[2] Ms. Robinson initially sought this Court's review by means of an application for supervisory writs. This Court determined that the trial court's judgment granting the Petition for Writ of Mandamus was a final, appealable judgment. Therefore, this Court granted the writ application and remanded the matter to the trial court with instruction to grant Ms. Robinson an appeal. See **Children's Hosp. v. Schnauder**, 2018-1328 (La.App. 1 Cir. 1/10/19), 2019 WL 162248.

5

which such fee is due; and that failure to timely pay the fee or obtain a waiver shall render the request for review invalid and without effect, even as to the suspension of prescription. See LSA-R.S. 40:1231.8(A)(3)(a) and (b). The PCF is also mandated to notify all named defendants of the request for review, by certified mail, and to forward each defendant a copy of the request for review. See LSA-R.S. 40:1231.8(A)(3)(c).

Louisiana Revised Statutes 40:1231(A)(1)(c) establishes the amount and time period within which a medical malpractice claimant must pay a filing fee with the PCF:[3]

> A claimant shall have forty-five days from the date of receipt by the claimant of the [PCF's] confirmation of receipt of the request for review in accordance with Subparagraph (3)(a) of this Subsection to pay to the [PCF] a filing fee in the amount of one hundred dollars per named defendant qualified under this Part.

Louisiana Revised Statutes 40:1231.8(A)(1)(e) establishes the legal effect of a claimant's failure to timely pay the filing fee:

> Failure to comply with the provisions of Subparagraph (c) or (d) of this Paragraph within the specified forty-five day time frame in Subparagraph (c) of this Paragraph shall render the request for review of a malpractice claim invalid and without effect. Such an invalid request for review of a malpractice claim shall not suspend time within which suit must be instituted in Subparagraph (2)(a) of this Subsection.

See **Bosarge v. Louisiana Patient's Comp. Fund**, 2008-1923 (La.App. 1 Cir. 5/8/09), 16 So.3d 10, 14.[4]

Louisiana Revised Statutes 40:1231.8(A)(1)(g) permits a claimant to add defendants not named in the initial request for review:[5]

> The filing fee of one hundred dollars per named defendant qualified under this Part shall be applicable in the event that a claimant identifies additional qualified health care providers as defendants. The filing fee applicable to each identified qualified health care provider shall be due forty-five days from the mailing date of the confirmation of receipt of the

---

[3] Prior to Act 275 of the 2016 Regular Legislative Session, the forty-five day statutory time frame set forth in LSA-R.S. 40:1231.8(A)(1)(c) began on the mailing date of the PCF's letter confirming receipt of the request for review. However, this difference in statutory language is not material to the issues presented herein, because Ms. Robinson did not pay the filing fee at issue within forty-five days of the mailing of the confirmation letter or within forty-five days of receipt of the confirmation letter.

[4] **Bosarge** refers to the applicable statutes by the previous designation, LSA-R.S. 40:1299.41 to 40:1299.49.

[5] We further note that Act 275, referenced in footnote 3, did not make the same change for LSA-R.S. 40:1231.8(A)(1)(g), resulting in the statute ostensibly providing different triggers for the payment delay applicable to the initial request for review ("date of receipt" by the claimant of the PCF's confirmation) and a subsequent request adding a defendant ("mailing date" of the PCF's confirmation). See LSA-R.S. 40:1231.8(A)(1)(c) and (g). See **Kirt**, **9, fn 7. However, this difference does not affect the Supreme Court's holding in **Kirt** regarding the legal effect of the failure to timely pay the filing fee(s) in a multi-defendant proceeding.

request for review for the additional named defendants in accordance with Subparagraph (3)(a) of this Subsection.

Louisiana Revised Statutes 40:1231.8(A)(2)(b) expressly conditions the effective date of filing of the request for a medical review panel upon timely payment of the required filing fee.[6] See **Bosarge**, 16 So.3d at 14.

Ms. Robinson's second and third assignments of error contend that the trial court erroneously interpreted LSA-R.S. 40:1231.8(A)(1)(c), (e), and (g), and incorrectly found that the failure to pay the required filing fee as to two defendants rendered the request for review invalid and without effect as to all defendants. The Louisiana Supreme Court recently considered the proper interpretation and application of these statutory provisions in **Kirt v. Metzinger**, 2019-1162 (La. 4/3/20), ___ So.3d ___, reh'g denied, 2019-01162 (La. 7/9/20), 298 So.3d 168. Thus, we evaluate Ms. Robinson's arguments in light of the Supreme Court's reasoning and holding in **Kirt**.

In **Kirt**, the claimant failed to pay the $100 filing fee due for an additional qualified health care provider named in an amended request.[7] Id. at **1. The trial court found the failure to pay the fee invalidated the proceeding as to all named defendants, and granted an exception of prescription on that basis. The court of appeal affirmed. The Louisiana Supreme Court granted a writ of certiorari. Id. After a thorough statutory analysis of LSA-R.S. 40:1231.8(A)(1)(c), (e), and (g), the Supreme Court found the

---

[6] Louisiana Revised Statutes 40:1231.8(A)(1)(d) sets forth circumstances in which a claimant may obtain a waiver of the filing fee. However, those provisions are not at issue herein.

[7] In **Kirt**, the claimants filed a request with the Division of Administration seeking a medical review panel to review the health care provided to their deceased mother. The claimants named three defendants in the initial request for review. Id. at **1-2. The claimants amended the request for review to name two additional defendants, one of whom was an unidentified individual, and submitted $500 in filing fees. Id. at **2. The claimants amended the request for review a second time to name the employer of the unidentified individual, and a third time to name the previously unidentified individual. The claimants' amendments resulted in a total of six named qualified defendants. The PCF requested payment of an additional filing fee in the amount of $100 for the sixth defendant. When the claimants failed to pay the final $100 within the forty-five day statutory timeframe, the PCF informed the claimants that the request for review was rendered invalid and without effect as to the sixth defendant. Id. at **3.

The medical review panel convened, reviewed the care provided by all six defendants, and found no breach in the standard of care. The claimants filed suit. Three defendants were dismissed by summary judgment. The remaining three defendants, including the sixth defendant for whom the claimants did not pay the filing fee, filed peremptory exceptions raising the objection of prescription. The exceptors argued that the request for review was invalid because the claimants failed to pay the final $100 filing fee, and therefore, prescription was not suspended for any claims pursuant to the Act. In opposition, the claimants argued that the medical review panel proceeding included several separate requests for review. The claimants conceded that the failure to pay $100 to add the sixth defendant invalidated that particular claim, but asserted that it did not retroactively invalidate the already perfected claims. Id. at **4. The trial court took the matter under advisement after a hearing on the exceptions. The trial court ruled in favor of the exceptors and issued written reasons, concluding that the claimants' failure to pay the $600 filing fee within the statutory timeframe rendered "their request" invalid and without effect under LSA-R.S. 40:1231.8(A)(1)(e). Id. at **5.

7

lower courts' interpretation of LSA-R.S. 40:1231.8 was inconsistent with the statutory language. The Supreme Court held:

> [T]he failure to timely pay a filing fee invalidates only the request to review a malpractice claim against the specific qualified healthcare provider for whom no fee was timely paid. This interpretation gives effect to all parts of the statute, particularly Subparagraphs (c), (e), and (g), which provide a claim-based, "per qualified defendant" filing fee, subject to a corresponding forty-five day payment period triggered by a letter from the PCF confirming a specific defendant's qualified status.

**Kirt** at **9-10.

The Supreme Court considered the language in LSA-R.S. 40:1231.8(A)(1)(c), which requires payment of "a filing fee... per named defendant qualified," and found that language suggests "a distinct charge for each qualified defendant, not a global fee for the entire proceeding." **Kirt** at **10. The Supreme Court reached the same conclusion with regard to the language of LSA-R.S. 40:1231.8(A)(1)(g), writing that the language "[t]he filing fee applicable to each identified qualified health care provider" implicitly recognizes the distinct nature of each filing fee. **Kirt** at **11. Thus, the Supreme Court found:

> The statute does not assess a fee "per panel proceeding" or "per request for review." Rather, it imposes a fee of a specific amount for each named defendant qualified under the Act. The "specified forty-five day time frame" to pay the fee is triggered by the PCF's confirmation letter that a given defendant is qualified. See La. R.S. 40:1231.8A(1)(c), (e), and (3)(a). The statute thus ties each filing fee and its applicable payment delay to a particular defendant: the fee is $100 "per" qualified defendant, and the delay to pay that fee is triggered by the PCF's confirmation that the defendant is qualified.

**Kirt** at **10-11.

The **Kirt** Court further pointed out that the notion of "one filing fee" is in conflict with the different payment deadlines triggered when the PCF sends separate letters confirming defendants' qualified status, and reasoned that "[a] single filing fee cannot be subject to different payment deadlines." **Kirt** at **11. The Supreme Court concluded:

> Absent statutory language to the contrary, if a claimant fails to timely pay a filing fee, the adverse consequences resulting therefrom only affect the claim against the defendant for whom the fee was owed. The claimant either timely pays the filing fee and preserves the claim against that defendant; or the claimant fails to timely pay the filing fee, rendering the request for review of a malpractice claim *against that defendant* invalid and without effect. Our holding rejects the overgeneralization in

8

prior appellate court decisions that when a claimant in a multi-defendant proceeding fails to timely pay the "full filing fee," the "entire request for review" is invalid and without effect as to all named providers.

**Kirt** at **11-12 (internal citations omitted).

We recognize that the facts in **Kirt** are not precisely on point with the facts presented in this case. In **Kirt**, the claimants failed to pay the filing fee for a defendant added in an amendment to the initial request for review, which is addressed in LSA-R.S. 40:1231.8(A)(1)(g); in this matter, Ms. Robinson failed to pay the full filing fees due after two of the defendants originally named in her request for review were confirmed as qualified under the Act, which is addressed in LSA-R.S. 40:1231.8(A)(1)(c). However, we find this to be a distinction without a difference, both factually and legally. The ruling in **Kirt** explicitly considered and encompassed the plain language of LSA-R.S. 40:1231.8(A)(1)(c), (e), and (g) collectively. Moreover, the **Kirt** Court specifically contemplated the scenario presented in this matter, noting that the PCF may send more than one confirmation letter, "*either because the PCF confirmed the qualified status of the originally named defendants on different dates, or because the PCF confirmed the status of a defendant added to an existing proceeding,*" and concluding that "[e]ach such letter triggers an obligation to pay a filing fee that is subject to its own forty-five day payment period for a particular defendant. See La. R.S. 40:1231.8A(1)(c), (g), and A(3)." **Kirt**, **11. The **Kirt** Court further stated:

> Our holding rejects the overgeneralization in prior appellate court decisions that when a claimant in a multi-defendant proceeding fails to timely pay the "full filing fee," the "entire request for review" is invalid and without effect as to all named providers.

**Kirt**, at **11-12.

In this matter, the trial court found that under the provisions of LSA-R.S. 40:1231.8(A)(1)(c), (e), and (g), Ms. Robinson's failure to pay the full filing fees due resulted in the invalidation of her request for review as to all defendants. Applying the Supreme Court's holding in **Kirt** to the facts of this case, we find that the trial court erred in its construction of LSA-R.S. 40:1231.8(A)(1)(c), (e), and (g). It is undisputed that Ms. Robinson timely paid the filing fees as to defendants Children's Hospital, Hebert, Johnson, Benoit, and Mangus. With respect to these defendants, Ms. Robinson's

request for review was not rendered invalid and without effect by her failure to pay the full filing fees. It is also undisputed that, although Ms. Robinson paid a filing fee in the amount of $100 towards the $200 required as to defendants Matthews and Waguespack, this did not constitute compliance with LSA-R.S. 40:1231.8(A)(1)(c) as to either defendant in the absence of instruction as to how to apply the funds. See **Kirt**, **12-13, fn 8, and **In re Rideaux**, 2012-1096 (La.App. 3 Cir. 3/6/13), 2013 WL 811628. Therefore, the failure to pay the full filing fees in the amount of $200 as to defendants Matthews and Waguespack rendered the request to review the claims against these defendants, and only these defendants, invalid and without effect. Ms. Robinson's second and third assignments of error have merit.

Furthermore, the trial court's judgment granting appellees' Writ of Mandamus was premised on an incorrect application of the governing statutory provisions. Having found merit in Ms. Robinson's second and third assignments of error, it is a necessary result to also find merit in her first assignment of error. Thus, we hold that the trial court erred in granting judgment directing the PCF to notify Ms. Robinson and all named defendants that Ms. Robinson's request for a medical review panel was invalid and without effect due to her failure to timely pay the required filing fee per defendant, and to remit to Ms. Robinson the $600 filing fees that were paid.

## CONCLUSION

For the foregoing reasons, we reverse the July 31, 2018 judgment of the trial court and remand this matter to the trial court for proceedings consistent herewith. All costs of this appeal are assessed to Children's Hospital and the Louisiana Patient's Compensation Fund.

**REVERSED AND REMANDED.**

10



CHILDREN'S HOSPITAL

VERSUS

KEN SCHNAUDER, IN HIS
OFFICIAL CAPACITY
AS EXECUTIVE
DIRECTOR OF THE
LOUISIANA PATIENT'S
COMPENSATION FUND
& THE LOUISIANA
PATIENT'S
COMPENSATION FUND
OVERSIGHT BOARD &
JONTRELL ROBINSON

NO. 2019 CA 0363

COURT OF APPEAL

FIRST CIRCUIT

STATE OF LOUISIANA

**HOLDRIDGE, J., concurs.**

I respectfully concur in the result. I would further hold that it is legal error for the plaintiff to file a "Petition for Writ of Mandamus" against the Executive Director of the Louisiana Patient's Compensation Fund and the Louisiana Patient's Compensation Fund Oversight Board to determine whether a medical malpractice claim is "invalid and without effect" in accordance with La. R.S. 40:1231.8(A)(1)(c). The P.C.F.'s duty does not encompass making legal determinations as to whether requests for review are invalid, without effect or suspend the prescriptive period. The duties of the PCF Board are clearly mandatory duties of a clerical nature to facilitate the panel process. The adversarial parties in the panel proceedings are the claimant and the qualified health care provider, not the P.C.F. Board. The P.C.F. Board is not allowed to make legal determinations as to whether a claim is invalid and without effect. See **Golden v. Patient's Compensation Fund Oversight Board**, 40,801 (La. App. 2 Cir. 3/8/06), 924 So.2d 459, 464, <u>writ denied</u>, 2006-0837 (La. 6/2/06), 929 So.2d 1261.