CRAIN, J.
|aThe plaintiff appeals a judgment denying her petition for declaratory and mandamus relief in connection with a medical review panel proceeding. We affirm in part, reverse in part, and render.
FACTS AND PROCEDURAL HISTORY
At issue in this appeal is whether the Louisiana Patient’s Compensation Fund Oversight Board (PCF) exceeded its statutory authority while processing a request for a medical review panel. The relevant facts are not in dispute. Lori Franks has twin minor sons, referred to herein as “A.F.” and “C.F.,” who received medical treatment for several years from Charlotte A. Hollman, M.D., and Deborah K. Gaha-gan, a nurse practitioner in Dr. Hollman’s office. In January of 2015, Franks mailed a single letter to the Division of Administration requesting a medical review panel be formed to review the care provided by Dr. Hollman and Gahagan to both A.F. and *865 C.F. The pro se request included a check for $200 for payment of the filing- fee, which, under the Medical Malpractice Act, is one hundred dollars per named defendant qualified under the Act. See La. R.S. 40:1231.8A(l)(c).
The Act also provides that a request “shall contain ... [t]he name of only one patient for whom, or on whose behalf, the request for review is being filed.” See La. R.S. 40:1231.8A(1)(b)(ii). Upon receipt of Frank’s request, the PCF assigned two file numbers to the matter, one number for A.F.’s claim and a different number for C.F.’s claim, effectively splitting the request into two separate proceedings. The PCF then applied Frank’s $200 check to the filing fee for A.F.’s claim against Dr. Hollman and Gahagan, and forwarded a letter to Frank acknowledging receipt of the claim and instructing her to proceed with the appointment of an attorney chairman. In a separate letter that referenced only IsC.F.’s claim, mailed on the same date, the PCF advised Franks a filing fee of $200 was due for that claim and had to be paid within forty-five days of the date the notice was mailed pursuant to Louisiana Revised Statute 40:1231.8A(1)(c).[1] When no additional funds were received, the PCF sent a letter to Franks informing her the delay for paying the fee had expired and C.F.’s claim was considered invalid and without effect.
Franks filed the present proceeding seeking declaratory and mandamus relief against the PCF, Dr. Hollman, and Gaha-gan.[2] Franks alleged that the PCF exceeded its authority by sua sponte dividing her request for a medical review panel into two separate claims and then applying the $200 check “randomly in favor of one patient’s claim over another.” The check, according to Franks, should have been applied to pay the fee for both of her sons’ claims against Dr. Hollman, and the claims against Gaha-gan should be dismissed. Franks requested a judgment declaring the PCF exceeded its authority in the processing of her request and that both claims against Dr. Hollman were timely filed. Franks further requested the PCF be ordered to reinstate C.F.’s request for a medical review panel proceeding against Dr. Hollman and the claims against Gahagan be dismissed.
In response, the defendants maintained the PCF undertook reasonable measures to process a claim improperly filed on behalf of two patients. According to the defendants, when the PCF was presented with Frank’s request 'filed on behalf of A.F. and C.F., the PCF reasonably assigned separate file numbers to each 14claim, allocated the $200 check to one of the claims, and notified Franks that a $200 filing fee was due for the other claim.
After a hearing on the matter, the trial court ruled in favor of the defendants, explaining in written reasons:
The law imposes the duty upon the PCF to facilitate the medical review panel process and these duties are clerical and ministerial in nature. The Medical Malpractice Act recognizes [a] request for review by only one patient. Requests] for medical review received *866 from patients by the PCF cannot be processed using multiple patients in a single request. The law is clear on that point. The law is likewise clear that the failure to pay the filing fee to the PCF timely renders any such request invalid and without effect. The plaintiff, who was self-represented at the time of making her request to the PCF, failed to comply with the unambiguous statutory requirements of the Louisiana Medical Malpractice Act by failing to request a review on behalf of each son separately and paying the statutor[ily] required fee for each. As such, based upon the law and evidence, the court denies the declaratory and mandamus relief sought in plaintiffs petition.
A judgment was signed in accordance with those reasons. Franks appeals and assigns as error the trial court’s finding the PCF did not exceed its authority, and the trial court’s denial of her petition for declaratory and mandamus relief.
DISCUSSION
A person is entitled to a declaratory judgment when her rights are uncertain or disputed in an immediate and genuine situation, and the declaratory judgment will remove the uncertainty or terminate the dispute. See La. Code Civ. Pro. arts. 1871, 1875; In re Succession of Beard, 13-1717 (La.App. 1 Cir. 6/6/14), 147 So,3d 753, 762. A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. See La. Code Civ. Pro. arts. 3861-63; Berthelot v. Patients’ Compensation Fund Oversight Board, 07-0112 (La.App. 1 Cir. 11/2/07), 977 So.2d 967, 973 n.6, writ denied, 07-2328 (La. 2/1/08), 976 So.2d 720. In mandamus proceedings against a public officer involving the performance of official duty, nothing can be inquired into but the question of duty on the face of the statute and the ministerial character of the duty Rhe is charged to perform. Keating v. Van Deventer, 14-0157 (La.App. 1 Cir. 9/19/14), 153 So.3d 1200, 1205 n.6, writs denied, 142188 (La. 1/9/15), 157 So.3d 598, 599, and 1106.
In this declaratory and mandamus proceeding, the issue is the extent of the PCF’s authority to process requests for medical review panels. The resolution of that issue turns on the proper interpretation of the. Medical Malpractice Act. The starting point for interpretation of any statute is the language of the statute itself, as the text of the law is the best evidence of legislative intent. See La. R.S. 24:177 B(l); Rando v. Anco Insulations, Inc., 08-1163 (La. 5/22/09), 16 So.3d 1065, 1075. The Medical Malpractice Act constitutes special legislation in derogation of the general rights available to tort victims and, therefore, must be strictly construed. See Dupuy v. NMC Operating Company, L.L.C., 15-1754 (La. 3/15/16), 187 So.3d 436, 439; Galloway v. Baton Rouge General Hosp., 602 So.2d 1003, 1005 (La. 1992). The interpretation of a statute is a question of law that is reviewed on appeal under the de novo standard of review. See Red Stick Studio Development, L.L.C. v. State ex rel. Department of Economic Development, 10-0193 (La. 1/19/11), 56 So.3d 181, 187.
A request for review of a medical malpractice claim involving a qualified healthcare provider is governed by Section 40:1231.8 of the Medical Malpractice Act. Subparagraph A(1)(b) of that statute addresses the required contents of a request as follows:
A request for review of a malpractice claim or a malpractice complaint shall contain, at a minimum, all of the following:
(i) A request for the formation of a medical review panel.
*867 (ii) The name of only one patient for whom, or on whose behalf, the request for review is being filed; however, if the claim involves the care of a pregnant mother and her unborn child, then naming the mother as the patient shall be sufficient.
(in) The names of the claimants.
|fi(iv) The names of defendant health care providers.
(v) The dates of the alleged malpractice.
(vi) A brief description of the alleged malpractice as to each named defendant health care provider.
(vii) A brief description of the alleged injuries. (Emphasis added.)
While the statute mandates this information be contained in a request, the Medical Malpractice Act is silent as to the consequences, if any, of a claimant’s failure to comply with these provisions. As recognized by the court in Ward v. Vivian Healthcare and Rehabilitation Center, 47,-649 (La.App. 2 Cir. 5/15/13), 116 So.3d 870, 874:
[T]he legislature has seen fit to provide mandatory minimum ’ requirements for the information that must be contained in a request for a medical review panel. What the legislature has not provided is guidance as to the penalty or effect of the failure of a claimant to comply with all the requirements.[3]
By comparison, if a claimant fails to timely pay the required filing fee, which is statutorily set at $100 per named defendant in Subparagraph 40:1231.8A(1)(c), the statute declares the request to be “invalid and without effect” and “shall not suspend [the] time within which suit must be instituted.” See La. R.S. 40:1231.8A(l)(e) & (2)(b); Morris v. Patient’s Compensation Fund Oversight Board, 07-2468 (La.App. 1 Cir. 5/28/08), 991 So.2d 551, 555.
Here, when presented with Franks’ request that identified two patients, the PCF unilaterally divided the request and used the enclosed check to pay the filing fee for the claim of its choosing. While the PCF ■ argues that it acted reasonably in processing the request in that manner, the issue is not whether the PCF’s actions 17were reasonable; the issue is whether those actions are legislatively authorized. We find they are not.
The PCF, ás a creature of the legislature, can have no greater authority than that given it by the legislature. See Berthelot, 977 So.2d at 974. The PCF’s authority to process a request for a medical review panel is defined in Louisiana Revised Statute 40:1231.8A, which provides as follows:
(3) It shall be the duty of the [PCF] within fifteen days of the receipt of the claim by the [PCF] to:
(a) Confirm to the claimant ... that the filing has been officially received and whether or not the named defendant or defendants have qualified under.this Part.
(b) In the confirmation to the claimant ..., notify the claimant of the amount of the filing fee due and the time frame within which such fee is due to the [PCF], and that upon failure to comply with the provisions of Subpar-agraph (l)(c) or (d) of this Subsection, the request for review of a malpractice claim is invalid and without effect and that the request shall not suspend *868 the time within which suit must be instituted in Subparagraph (2)(a) of this Subsection.
(c) Notify all named defendants ... that a filing has been made against them and request made for the formation of a medical review panel; and forward a copy of the proposed complaint to each named defendant....
(4) The [PCF] shall notify the claimant and all named defendants by certified mail, return receipt requested, of any of the following information:
(a) The date of receipt of the filing fee.
(b) That no filing was due because the claimant timely provided the affidavit set forth in Item (1)(d)(i) of this Subsection.
(c) That the claimant has timely complied with the provisions of Item (1)(d)(ii) of this Subsection.
(d) That the required filing fee was not timely paid pursuant to Subpara-graph (1)(c) of this Subsection.
|s(5) In the event that any notification by certified mail, return receipt requested, provided for in Paragraphs (3) and (4) of this Subsection is not claimed or is returned undeliverable, the [PCF] shall provide such notification by regular first class mail, which date of mailing shall have the effect of receipt of notice by certified mail.
(6) In the event the [PCF] receives a filing fee that was not timely paid pursuant to Subparagraph (1)(c) of this Subsection, then the [PCF] shall return, or refund the amount of, the filing fee to the claimant within thirty days of the date the [PCF] receives the untimely filing fee.[4]
Under these provisions, the PCF’s duties are limited to the following: (1) confirming receipt of the claim and the qualifications of the health care providers, (2) giving notice of filing fees within specified time frames, (3) notifying healthcare providers that a claim has been filed and that a request for the formation of a medical review panel has been made, (4) forwarding a copy of the claim to the healthcare provider, and (5) notifying all parties when the required filing fee is received by the PCF and whether the claimant has timely or' not timely paid the required filing fee. See Berthelot, 977 So.2d at 973. These duties are mandatory and clerical or ministerial in nature to facilitate the medical review process. See Bosarge v. Louisiana Patient’s Compensation Fund, 08-1923 (La.App. 1 Cir. 5/8/09), 16 So.3d 10, 15.
Fulfilling these duties is all the PCF is authorized or required to do for panel requests. Berthelot, 977 So.2d at 973. In that regard, the PCF stands in the same position as clerks of court, who are charged by the legislature with the duty to receive and process pleadings filed in judicial proceedings. See In re Elliott, 06-1440 (La.App. 3 Cir. 4/9/08), 980 So.2d 881, 890, unit denied, 08-1008 (La. 8/29/08), 989 So.2d 102.
lain Berthelot, the PCF determined, on its own accord, that the claimant’s request did not allege medical malpractice, and, for that reason, it refused to initiate the panel process. Berthelot, 977 So.2d at 968-69. Given the absence of any legislative authorization for the PCF to make that determination, this court found that the PCF exceeded its authority and assumed an adversarial role that was incompatible with *869 its clerical duty to process the claim, explaining:
The legislature clearly did not grant the PCF the right to decline to accept a request for a medical review panel based upon its unilateral determination that the claim did not meet the definition of medical malpractice under the [Act]. Likewise, it is not the PCF’s place to assert that a claim does not fall within the scope of the medical malpractice act. It is the claimant’s choice whether to file the claim as a medical malpractice action requesting the medical review panel process or to file a lawsuit as a negligence action. Similarly, it is the healthcare provider’s choice in a lawsuit to raise the issue that the claim sounds in medical malpractice and must first be presented to a medical review panel before litigation is commenced. The adversarial parties in the panel proceedings are the claimant and the qualified health care provider, not the PCF. The PCF is simply not an interested party in these matters until there has been a settlement or judgment or for the limited purpose of litigating the qualification of a health care provider or the constitutionality of a law related to medical malpractice. The interpretation of the [Act] is purely a function of the judiciary, and the judiciary alone will determine whether claims fall within the scope of the [Act] unless the Legislature deems it appropriate to authorize some other entity to make that determination.
Berthelot, 977 So.2d at 974 (citations omitted).
Here, the PCF similarly performed acts that were adversarial or adjudicatory in nature when it reviewed Franks’ request, determined that the request did not comply with Louisiana Revised Statute 40:1231.8A(1)(b), divided the request into two separate claims, and selected which claim would receive the benefit of the check enclosed for the filing fee. Upon receipt of Franks’ request, the PCF was duty-bound to confirm receipt of the claim and the qualifications of the health care providers, calculate the filing fee, and proceed with the notifications required by the Act. See La. R.S. 40:1231.8A(3)-(6); Bosarge, 16 So.3d at 15; Berthelot, 977 So.2d at 973. That is all the PCF was authorized to do. See Berthelot, 977 So.2d at 973.
While the PCF may argue that the calculation of the filing fee required the division of the request into two separate claims, the language of the Act does not reveal any necessity for the PCF to unilaterally take that action. The calculation of the fee is controlled by Subparagraph A(1)(c), which provides that the fee is “one hundred dollars per named defendant.” La. R.S. 40:1231.8A(1)(c). Franks’ request, as presented to the PCF, was embodied in one document and named two defendants. Under a strict construction of the statutory language, the PCF was authorized to assess a filing fee for Franks’ request, as presented, of $100 per defendant, for a total of $200. Although the request admittedly includes the names of two patients, the Act does not direct the PCF to calculate the fee based upon the number of patients in the request, nor does it permit the PCF to modify a request that includes multiple patients by dividing the request into separate claims and assessing fees to each claim individually. However well intended, in processing a request, the PCF is performing a limited clerical role and cannot improvise measures not authorized by the Act.[5]
*870 In finding the PCF exceeded its authority herein, we recognize the requirements of Subparagraph A(1)(b) are basic and the review of a claim to determine compliance with those requirements may often be a relatively simple task. Nevertheless, regardless of how rudimentary such a review may be, this case 111 demonstrates the complexities that can arise when the PCF departs' from its administrative role and undertakes unauthorized measures that are more adversarial or adjudicatory in nature. At this stage of the proceeding, the PCF’s duties are strictly clerical and ministerial.
For these reasons, the trial court’s judgment denying Franks’ request for declaratory relief is reversed, and judgment is rendered declaring the PCF exceeded its authority by dividing Franks’ request into two separate claims and allocating Franks’ check to the claim 'of its choosing. We reverse the trial court’s'judgment in that regard and grant Franks’ petition to the extent it seeks that declaratory relief. We further issue a writ of mandamus ordering the PCF to reinstate Franks’ request, as presented and filed, by assigning a single file number to the request, confirming receipt of the $200 filing fee, and providing the notifications required by Louisiana Revised Statute 40:1231.8.
Franks additionally argues she is entitled to. judgment declaring that C.A.’s claim was timely filed. However, until her request for a medical review panel has been reconstituted and processed in its original form by the PCF, it would be premature for this court to grant any further relief at this time. Courts will not render advisory opinions. Louisiana Federation of Teachers v. State, 11-2226 (La. 7/2/12), 94 So.3d 760, 763. A court must refuse to entertain an action for a declaration. of rights if the issue presented is academic, .theoretical, or based on a contingency that may or may not arise. Louisiana Federation of Teachers, 94 So.3d at 763.
Simply stated, this case is not in a procedural posture that allows for a proper determination of any issue beyond our limited holding, which returns this proceeding to its starting point when the request was originally received by the PCF, and orders the PCF to process the request in accordance with its statutory | ^duties described herein. Until that time, any further declaratory or mandamus relief would be advisory in nature and improper. Thus, to the extent the trial court’s judgment denied all other relief to Franks, including her request that C.A.’s claim be deemed timely filed, we affirm the judgment.
CONCLUSION
The trial court’s judgment denying Franks’ request for declaratory relief is reversed, in part, and judgment is rendered declaring the PCF exceeded its authority by dividing her request for a medical review panel proceeding into two separate claims and allocating Franks’ cheek to the claim of its choosing. We further issue a writ of mandamus ordering the PCF to reinstate Franks’ request, *871 as presented, by assigning a single file number to the request, confirming receipt of the $200 filing fee, and notifying the parties in accordance with Louisiana Revised Statute 40:1231.8, The trial court’s judgment, to the extent it denied the foregoing relief, is reversed. In all other respects, the trial court’s judgment is affirmed. Costs of this appeal in the amount of $1,030.50 are allocated one-half to Charlotte A. Hollinan, M.D., and Deborah K. Gahagan, and one-half to the Patient’s Compensation Fund Oversight Board.
JUDGMENT REVERSED IN PART, AFFIRMED IN PART, AND RENDERED.

. Although the mailing and receipt of the notice are not at issue on appeal, we note Section 40:1231.8A(1)(c) was subsequently-amended by 2016 La. Acts, No. 275, § 1 (effective August 1, 2016), to provide the forty-five days runs from the date of receipt of the notice. All citations to the statute herein are to the version in effect at the time this claim was filed.

. The defendants did not object to the cumu-lation of the declatory judgment and mandamus actions in he same proceeding. Although the actions employ different forms of procedure, any objection to the cumulation of the claims was waived. See La. Code Civ. Pro. arts. 463(3), 851, 926B, 1879, and 3781.

. In Ward the defendant argued that a claim did not interrupt prescription because it did not comply with Subsection A(1)(b). Rejecting that argument, the court stated, "[T]he statute contains no penalty provision that would render the request invalid and without effect so that it does not suspend prescription.” Ward, 116 So.3d at 878.

. Section 40:1231.8A(5) was amended by 2016 La. Acts, No. 275, § 1 (effective August 1, 2016), to clarify that the provision also applies when the PCF is unable to determine whether the notice was received.

. We note that the PCF adopted regulations pursuant to Louisiana Revised Statute 40:1231.4D(3), which, in relevant part, largely track the language of the statute. See 37 La. *870 Admin. Code, Pt. Ill, §§ 1401 — 05, However, the regulations do include a provision stating that if a claim fails to contain "all of the required information,” the PCF is to notify the claimant of the deficiency and provide a reasonable time for submitting the information. See 37 La. Admin, Code, Pt. Ill, § 1403. The regulation does not address the status of the claim if the claimant fails to timely provide the additional information, or whether the claim, as originally presented, is considered "filed” for purposes of suspending prescription under Section 40:1231,8A(2)(a), In any event, because the record does not indicate the PCF complied with, or otherwise relied upon, this regulatory provision in processing Franks’ request, we do not further address it in the context of this case.