WELCH, J.
The plaintiff/claimant, Gloria Brown, appeals a judgment denying her request for a writ of mandamus against the defendant, the Patient's Compensation Fund Oversight Board (the "PCF")[1] in connection with a medical review panel proceeding. For the reasons that follow, we reverse the judgment of the trial court and render judgment issuing a writ of mandamus directed to the PCF.
BACKGROUND
At issue in this appeal is whether the PCF exceeded its statutory authority and/or failed to comply with a ministerial duty while processing a request for review of a medical malpractice claim by a medical review panel in accordance with the provisions of the Louisiana Medical Malpractice Act ("LMMA"), La. R.S. 40:1299.41, et seq.[2] The relevant facts are not in dispute. On December 1, 2014, counsel for Ms. Brown mailed a request for review to the Division of Administration by certified mail. See La. R.S. 40:1299.47(A)(2)(b).[3] Pursuant to La. R.S. 40:1299.47(A)(3), it "shall be the duty of the board" within fifteen days of the receipt of the claim by the PCF, to send notification to the claimant in order to:
*1170 (a) Confirm to the claimant by certified mail, return receipt requested, that the filing has been officially received and whether or not the named defendant or defendants have qualified under this Part.
(b) In the confirmation to the claimant pursuant to Subparagraph (a) of this Paragraph, notify the claimant of the amount of the filing fee due and the time frame within which such fee is due to the board, and that upon failure to comply with the provisions of Subparagraph (1)(c) or
(d) of this Subsection, the request for review of a malpractice claim is invalid and without effect and that the request shall not suspend the time within which suit must be instituted in Subparagraph (2)(a) of this Subsection.
(Emphasis added).
The deadline[4] by which the filing fee must be paid to the PCF is set forth in La. R.S. 40:1299.47(A)(1)(c), which provides:
A claimant shall have forty-five days from the mailing date of the confirmation of receipt of the request for review in accordance with Subparagraph (3)(a) of this Subsection to pay to the board a filing fee in the amount of one hundred dollars per named defendant qualified under this Part. [5]
By letter dated December 11, 2014, the notification statutorily mandated by La. R.S. 40:1299.47(A)(3) was mailed by the PCF to counsel for Ms. Brown by certified mail, return receipt requested. On January 12, 2015, in response to a telephone inquiry from counsel for Ms. Brown about the status of the notification, the PCF mailed counsel for the claimant by certified mail, return receipt requested, a second notification along with a copy of the December 11, 2014 notification.
On January 27, 2015, the December 11, 2014 notification was returned to the PCF as unclaimed. In such cases, La. R.S. 40:1299.47(A)(5) requires the PCF to provide the required notification by regular first class mail, and it provides:
(5) In the event that any notification by certified mail, return receipt requested, provided for in Paragraphs (3) and (4) of this Subsection is not claimed or is returned undeliverable, the board shall provide such notification by regular first class mail, which date of mailing shall have the effect of receipt of notice by certified mail.[6]
(Emphasis added).
There is no dispute that the PCF did not comply with its statutory duty to resend the December 11, 2014 notification by regular first class mail. Instead, by letter dated January 29, 2015, the PCF sent a letter to counsel for Ms. Brown notifying her that the December 1, 2014 request for review had been declared "invalid and without effect" due to the failure to pay the filing fee.
On February 25, 2015, the PCF received a letter dated February 24, 2015 from counsel for Ms. Brown along with a check in the full amount of the filing fee set forth in the January 12, 2015 notification, which had been mailed to counsel for Ms. Brown *1171 by certified mail, return receipt requested. Notably, the January 12, 2015 notification was not returned unclaimed or undeliverable and the parties do not dispute that the full amount of the filing fee due to the PCF was paid within forty-five days of the January 12, 2015 notification. However, by letter dated February 26, 2015, the PCF returned the filing fee check and notified counsel for Ms. Brown that it had declared the December 1, 2014 request for review "invalid and without effect."[7]
On February 10, 2016, Ms. Brown filed a petition for writ of mandamus requesting that the PCF be ordered to accept her December 1, 2014 request for review. The plaintiff maintained that the forty-five day time period in which to pay the filing fee commenced with the mailing of the January 12, 2015 notification by certified mail, return receipt requested; hence, the filing fee that the PCF received on February 25, 2015 was timely. As such, Ms. Brown sought mandamus relief ordering the PCF to accept the plaintiff's December 1, 2014 request for review.
The PCF[8] opposed the writ of mandamus on the basis that the forty-five day time period in which to pay the filing fee commenced with the mailing of the December 11, 2014 notification, even though it was returned to the PCF as undeliverable. It further contended that the PCF was not required to comply with its statutory obligation as set forth in La. R.S. 40:1299.47(A)(5) because by the time the PCF received notice from the post office that the notification to counsel for Ms. Brown was undeliverable, the request for review had already been rendered invalid and without effect because more than forty-five days had elapsed.
After a hearing on the matter, the trial court denied the relief sought. A judgment in accordance with the trial court's ruling was signed on October 5, 2016, and it is from this judgment that Ms. Brown appeals, assigning as error the trial court's denial of her petition for mandamus relief.
LAW AND DISCUSSION
A writ of mandamus may be directed to a public officer to compel the performance of a ministerial duty required by law. Franks v. Louisiana Compensation Fund Oversight Board , 2016-0765 (La. App. 1st Cir. 5/3/17), 220 So.3d 862, 866 ;[9] see also La. C.C.P. arts. 3861 - 3863 and Berthelot v. Patients' Compensation Fund Oversight Board , 2007-0112 (La. App. 1st Cir. 11/2/07), 977 So.2d 967, 973 n.6, writ denied, 2007-2328 (La. 2/1/08), 976 So.2d 720.[10] In mandamus proceedings against a public officer involving the performance *1172 of official duty, nothing can be inquired into but the question of duty on the face of the statute and the ministerial character of the duty he is charged to perform. Franks , 220 So.3d at 866 ; Keating v. Van Deventer , 2014-0157 (La. App. 1st Cir. 9/19/14), 153 So.3d 1200, 1205 n.6, writs denied, 14-2188 (La. 1/9/15), 157 So.3d 598, 599, and 1106.
Since the LMMA's limitations on the liability of qualified health care providers constitute special legislation in derogation of the general rights available to tort victims, its provisions must be strictly construed. Berthelot , 977 So.2d at 973-74 ; Estate of Nicks v. Patient's Compensation Fund Oversight Bd. , 2005-1624 (La. App. 1st Cir. 6/21/06), 939 So.2d 391, 396 ; and In re Medical Review Panel of Pierson , 2002-1598 (La. App. 1st Cir. 5/9/03), 845 So.2d 1275, 1276, writ denied, 2003-1559 (La. 10/10/03), 855 So.2d 324. The PCF is a creature of the Louisiana Legislature and has no greater status than given it by its creator (the Louisiana Legislature).See Berthelot , 977 So.2d at 974 ; Boyd v. St. Paul Fire & Marine Ins. Co. , 99-1820 (La. App. 3 Cir. 12/20/00), 775 So.2d 649, 656, writ denied, 2001-0220 (La. 3/23/01), 788 So.2d 430. Jurisprudence routinely recognizes that the rights and obligations of the PCF are limited to those expressly prescribed in the LMMA. Berthelot , 977 So.2d at 974.
The PCF's duties under La. R.S. 40:1299.47(A) are not adjudicative in nature. Berthelot , 977 So.2d at 973 ; Bosarge v. Louisiana Patient's Compensation Fund , 2006-1354 (La. App. 1st Cir. 5/4/07), 960 So.2d 1063, 1067. Rather, the PCF's mandatory duty to act when it receives a request to invoke a medical review panel is clerical or ministerial in nature and is designed to facilitate the medical review process. Therefore, we find that mandamus was appropriate in this case. See Berthelot , 977 So.2d at 973 ; Bosarge , 960 So.2d at 1067 ; Estate of Nicks , 939 So.2d at 396 ; Golden v. Patient's Compensation Fund Oversight Bd. , 40,801 (La. App. 2nd Cir. 3/8/06), 924 So.2d 459, 463, writ denied, 2006-0837 (La. 6/2/06), 929 So.2d 1261 ;[11] and In re Medical Review Panel of Pierson , 845 So.2d at 1276.[12]
In this mandamus proceeding, the issue is the extent of the PCF's authority to interpret the LMMA's notification provisions and the effect thereof. The resolution of those issues turn on the proper interpretation of the language of the statute itself, as the text of the law is the best evidence of legislative intent. Franks , 220 So.3d at 866 ; see also La. R.S. 24:177(B)(1) and Rando v. Anco Insulations, Inc. , 2008-1163 (La. 5/22/09), 16 So.3d 1065, 1075. As previously set forth, the LMMA constitutes special legislation in derogation of the general rights available to tort victims and, therefore, must be strictly construed. Franks , 220 So.3d at 866 ; Dupuy v. NMC Operating Company, L.L.C. , 2015-1754 (La. 3/15/16), 187 So.3d 436, 439 ; Galloway v. Baton Rouge General Hospital , 602 So.2d 1003, 1005 (La. 1992). The interpretation of a statute is a question of law that is reviewed on appeal under the de novo standard of review.
*1173 Franks , 220 So.3d at 866, Red Stick Studio Development, L.L.C. v. State ex rel. Department of Economic Development , 2010-0193 (La. 1/19/11), 56 So.3d 181, 187.
Louisiana Revised Statute 40:1299.47(A) outlines the PCF's affirmative and mandatory ministerial duties regarding notification after it receives a request for review. The clear and unambiguous statutory language imposes on the PCF the following ministerial duties owed to the claimant regarding requests for review: (1) within fifteen days of receipt, the PCF shall send notification to the claimant by certified mail, return receipt requested, confirming receipt of the claim and the qualifications of the health care providers; (2) in the confirmation, the PCF shall also give notice of the amount of the filing fee due to the PCF and the time frame within which the fee is due to the PCF and notifying the claimant that failure to timely pay the filing fee due will render the request for review "invalid and without effect"; (3) in the event that the notification by certified mail, return receipt requested is not claimed or is returned undeliverable, the PCF shall provide the statutorily required notification by regular first class mail, which date of mailing shall have the effect of receipt of notice by certified mail; and (4) notify all parties when the required filing fee is received by the PCF and whether the claimant has timely or not timely paid the required filing fee.
We find that by the clear and unambiguous terms of La. R.S. 40:1299.47(A), the required filing fee is due within forty-five days of mailing the notification by certified mail, receipt requested if the notification is not returned unclaimed or undeliverable; in the event the notification is returned unclaimed or undeliverable, the forty-five day deadline begins to run when the notification is mailed by regular first class mail. The PCF is then charged with the ministerial duty by La. R.S. 40:1299.47(A)(4) to notify the claimant and all named defendants by certified mail, return receipt requested, (a) the date of receipt of the filing fee; (b) that no filing was due because the claimant timely provided the affidavit set forth in La. R.S. 40:1299.47(A)(1)(d)(i) ; (c) that no filing fee is due because the claimant timely complied with the in forma pauperis provision of La. R.S. 40:1299.47(A)(1)(d)(ii) ; or (d) that the required filing fee was not timely paid pursuant to (1)(c).
That is all the PCF is authorized (or required) to do; no other statutory directive or authority to act is imposed on the PCF in this particular factual scenario. See Berthelot , 977 So.2d at 973 ; Golden , 924 So.2d at 463. The PCF stands in the same position as clerks of court, who are charged by the legislature with the duty to receive and process pleadings filed in judicial proceedings. See Franks , 220 So.3d at 868 ; In re Elliott , 2006-1440 (La. App. 3rd Cir. 4/9/08), 980 So.2d 881, 890, writ denied, 2008-1008 (La. 8/29/08), 989 So.2d 102. In processing a request, the PCF is performing a limited clerical role and cannot improvise measures not authorized by the LMMA. See Franks , 220 So.3d at 868.
In opposing the request for mandamus, the PCF claimed that the forty-five day time period in which to pay the filing fee commenced with the mailing of the December 11, 2014 notification, even though it was returned to the PCF as undeliverable. The PCF further claimed it was not required to comply with its statutory obligation as set forth in La. R.S. 40:1299.47(A)(5) because by the time the PCF received notice from the post office that the notification to counsel for Ms. Brown was undeliverable, the request for review had already been rendered invalid and without effect because more than forty-five days had elapsed. We disagree.
*1174 The LMMA imposes a duty of notification on the PCF; nothing in the LMMA authorizes the PCF to ignore its duty under La. R.S. 40:1299.47(A)(5) (to provide the required notification by regular first class mail) because it (the PCF) has deemed the request "invalid and without effect" after it was not returned unclaimed or undeliverable during the forty-five day period following mailing of the first notification by certified mail, return receipt requested. Furthermore, nothing in the LMMA authorizes the PCF -under any circumstances-to adjudicate or otherwise declare a request for review as "invalid and without effect." See Golden , 924 So.2d at 464.
While the PCF has statutory authority under La. R.S. 40:1299.44(A)(5)(b) to defend, protect, and manage the fund, that duty does not involve making such legal determinations. See Berthelot , 977 So.2d at 974. The interpretation of the LMMA is purely a function of the judiciary, and the judiciary alone will perform that function unless the Legislature deems it appropriate to authorize some other entity to make that determination. See Id. Essentially, the PCF would have this court interpret La. R.S. 40:1299.44(A) in such a way that would render the notification requirement in La. R.S. 40:1299.44(A)(5) meaningless under the particular facts of this case. The PCF relies on the fortuity of whether the post office returns the unclaimed or undeliverable notification to the PCF prior to or after the forty-five day deadline to pay the filing fee due the PCF in order to determine whether its duty under La. R.S. 40:1299.44(A)(5) has been triggered. If the Legislature intended such an arbitrary, illogical interpretation, it would have stated as such in the statute. They did not and adopting the PCF's interpretation would defy logic, common sense, and all applicable rules of statutory interpretation.
A similar issue was presented in Golden , wherein the Second Circuit Court of Appeal granted a writ of mandamus ordering the PCF to allow the plaintiff to continue with the medical review panel process despite her failure to pay the filing fee timely. In Golden , 924 So.2d at 463, the plaintiff submitted the filing fee after the 45-day time period had expired. After paying the filing fee, the plaintiff notified the PCF that the parties had selected an attorney-chairperson of the Medical Review Panel and wished to have the PCF notify him of their decision. The PCF returned the untimely filing fee and refused to notify the attorney-chairman because it no longer considered the claim filed, due to the plaintiff's failure to pay the filing fee timely. The court held that the PCF's duties under La. R.S. 40:1299.47(A)(3) are "mandatory duties of a clerical nature to facilitate the panel process," and that the PCF had no authority to unilaterally stop the medical review panel process. The court further interpreted the "invalid and without effect" language of the statute as:
pertaining to the suspension of prescription which occurs during the pendency of the review panel process. With that interpretation, it is not the [PCF's] place to assert prescription and effectively dismiss plaintiff's claim with prejudice. The defendant alone may choose to assert prescription.
Golden , 924 So.2d at 464. The only thing the PCF is authorized to do when the required filing fee is not timely paid is to notify all the parties; no other statutory directive or authority to act is imposed on the PCF. Golden , 924 So.2d at 463.
In support of its position, the PCF has relied on Latiolais v. Jackson , 2006-2403 (La. App. 1st Cir. 11/2/07), 979 So.2d 489, 493, wherein an original request for a medical review panel was timely, but the filing fee was not timely submitted and therefore, *1175 the PCF declared that the claim as "no longer considered filed." Subsequently, the claimant refiled his request for a medical review panel, which was received by PCF and assigned a new file number. Within the time limits applicable to the second filing, an in forma pauperis certificate was submitted. The claimant contended this certificate applied to both filings, thus curing any problems with the original request for a medical review panel. The timeliness of the complaint was put at issue in the medical review panel proceedings because the claimant eventually filed a petition for damages against the PCF and its medical malpractice director, alleging that his medical malpractice complaint was in the process of being dismissed as prescribed. He also sought a writ of mandamus ordering the defendants to reinstate his claim and rescind their dismissal of his first claim. The mandamus issue was tried, and the district court rendered judgment in his favor, ordering the defendants to reconstitute his petition under the original filing number, nullifying the PCF's declaration that the original filing was to be considered as not filed or without effect, ordering the PCF to receive the pauper order, and assessing all costs against the defendants. This court converted the PCF's appeal to an application for supervisory review, granted writs, and reversed the trial court, stating:
The trial court erred in granting mandamus in this case ordering the defendants to reconstitute Latiolais's January 21, 2004 petition and nullifying the PCF's declaration that the January 21, 2004 petition is considered as not filed or without effect. The PCF did not overstep its authority in this case as it did in Golden. Latiolais was not prevented from continuing the process, and in fact did proceed to assert his claim. The PCF accepted the filing of his April 27, 2004 petition and sent out the notice letter to all parties just as it had with the January 21, 2004 petition. Therefore, there is no basis for the trial court's judgment.
Latiolais , 979 So.2d at 493.
However, we find that Latiolais is distinguishable, and thus not applicable, because it does not address or decide the substantive issue before us herein. In Latiolais , the issue before the court was the timeliness of the plaintiff's second request for a medical review panel and the effect of an undisputedly late filing fee for the plaintiff's original request for review. Herein, although the PCF argues that Ms. Brown's filing fee was untimely, whether the filing fee was timely depends on when the PCF provided the statutorily mandated notification to the claimant pursuant to La. R.S. 40:1299.47(A). Thus, ultimately, this case does not involve a late filing fee, but rather concerns the PCF's duties under La. R.S. 40:1299.47(A) regarding the notification that must be provided to a claimant.
In this case, there is no dispute that the December 11, 2014 notification was returned to the PCF as unclaimed and that the PCF failed to comply with its statutory mandate under La. R.S. 40:1299.47(A)(5) to provide Ms. Brown with the notification by regular first class mail,[13] yet it declared Ms. Brown's December 1, 2014 request for review as "invalid and without effect." As such, we must conclude that the PCF has overstepped its legislative authority and has not carried out its mandatory clerical and ministerial duties that are clearly set *1176 forth in the LMMA. Therefore, the trial court's judgment denying the plaintiff's request for mandamus relief must be reversed. In addition, we issue a writ of mandamus ordering the PCF to remove its declaration that Ms. Brown's December 1, 2014 request for review is "invalid and without effect," to reinstate Ms. Brown's December 1, 2014 request for review, and to provide Ms. Brown with the statutorily mandated notification by regular first class mail, as required by La. R.S. 40:1299.47(A)(5), from which date of mailing the forty-five day deadline to pay the filing fee due the PCF will begin to run.[14]
CONCLUSION
For all of the above and foregoing reasons, we reverse the October 5, 2016 judgment of the trial court and we issue a writ of mandamus ordering the PCF to remove its determination that Ms. Brown's December 1, 2014 request for review is "invalid and without effect," to reinstate Ms. Brown's December 1, 2014 request for review, and to provide Ms. Brown with the statutorily mandated notification by regular first class mail, as set forth in La. R.S. 40:1299.47(A)(5), from which date of mailing the forty-five day deadline to pay the filing fee due the PCF will begin to run.
All costs of this appeal in the amount of $1,791.50 are assessed to the Patient's Compensation Fund Oversight Board.
REVERSED AND RENDERED.
McClendon, J., dissents in part and agrees in part for reasons assigned
McClendon, J., dissenting in part.
I agree that the PCF was mandated to send a first class mail letter. However, I believe that the mailing date in LSA-R.S. 40:1231.8A(1)(c) triggered the requisite 45-day period, and the requirement to send a first class mail notification as provided in LSA-R.S. 40:1231.8A(5) does not cause the period to run anew.
Specifically, Louisiana Revised Statutes 40:1231.8A(1)(c) provided, at all times pertinent hereto, that the "claimant shall have forty-five days from the mailing date of the confirmation of receipt of the request for review... to pay to the board a filing fee." Moreover, the failure to comply with subparagraph 1(c) "within the forty-five day time frame ... shall render the request for review of a malpractice claim invalid and without effect." LSA-R.S. 40:1231.8(A)(1)(e) (emphasis added). This provision is mandatory and A(5) does not clearly contradict it. Further, immediately following A(5), A(6) provides, that in the event the filing fee is not timely paid pursuant to subparagraph 1(c), then the Board is mandated to refund the amount of the untimely filing fee. See LSA-R.S. 40:1231.8A(6). As such, reading the subparagraphs of the statute in pari materia , it is clear that the legislature intended the mailing date to regulate when the period begins to run.
While I believe it would be more equitable if the time period began to run from the date of receipt by the claimant, in the statute in effect at all times pertinent *1177 hereto, the period begins to run from the "mailing date," as opposed to the date of receipt. Significantly, the 2016 amendments now provide that the 45 days begins to run from the date of "receipt by the claimant." However, we are bound by the plain language in effect at the time. Accordingly, I would affirm the trial court's ruling denying Ms. Brown's request for mandamus relief.

The Patient's Compensation Fund Oversight Board is a legislatively created entity that administers the Patient's Compensation Fund, which holds private monies in trust to compensate victims of medical malpractice and to protect qualified health care provider members who may be liable for damages caused by their malpractice. See La. R.S. 40:1299.44, which was re-designated as La. R.S. 40:1231.4 by 2015 H.C.R. No. 84 (eff. June 2, 2015) and footnote 2.

The LMMA was re-designated as La. R.S. 40:1231.1 through 40:1231.10 by 2015 H.C.R. No. 84 (eff. June 2, 2015). All citations to the LMMA are to the version in effect at the time this claim was filed.

This statute was re-designated as La. R.S. 40:1231.8 by 2015 H.C.R. No. 84 (eff. June 2, 2015). We also note that La. R.S. 40:1231.8(A)(1)(c) and 40:1231.8(A)(5) were amended by 2016 La. Acts, No. 275, § 1 (eff. August 1, 2016). See footnote 2 and 5.

There is no provision in the LMMA that prohibits the claimant from paying the PCF the required filing fee prior to the commencement of the forty-five day deadline.

We note that after this proceeding was filed, but before the hearing on the writ of mandamus and the signing of the judgment, La. R.S. 40:1231.8(A)(1)(c) and 40:1231.8(A)(5) were amended by 2016 La. Acts, No. 275, § 1 (eff. August 1, 2016), to clarify that the forty-five day time frame within which to pay the filing fee runs from the date of receipt of the notice by the claimant rather than the date of mailing and to clarify that La. R.S. 40:1231.8(A)(5) also applies when the PCF is unable to determine whether the notice was received by the claimant.

See footnote 5.

On March 5, 2015, counsel for Ms. Brown filed a second request for review of the same medical malpractice claim by a medical review panel along with a check for the full amount of the filing fee, and this request for review was accepted by the PCF.

The qualified healthcare providers against whom the request for review was filed (Dr. Clifton L. McGinness, Dr. Rebecca W. Schroll, Dr. Henry Minhui Liu and Tulane University Hospital and Clinic) intervened in the writ of mandamus proceeding and the positions taken by the PCF and intervenors are substantially the same. Since the mandamus is directed at the actions or inactions of the PCF, we refer primarily to the PCF in this opinion.

In Franks , this court reversed a judgment denying mandamus relief and declared that the PCF exceeded its authority by dividing a request for review of a medical malpractice claim by a medical review panel into two separate claims and allocating the filing fee to the claim of its choosing.

In Berthelot , this court affirmed a judgment granting mandamus relief and held that the PCF lacked the statutory authority under the LMMA to make a legal determination that the claimant's claim was not a claim for medical malpractice.

In Golden , the court of appeal affirmed the trial court's ruling that "the PCF Board exceeded its authority in interpreting legislation that the check was untimely remitted." The court reasoned that the LMMA does not authorize the PCF to assert prescription and effectively dismiss a claim based on the claimant's purported late payment of the filing fee.

In Pierson , this court granted mandamus against the PCF for its refusal to allow the refiling of a claim after the first request for review was dismissed for failure to timely appoint an attorney chairperson.

We note that the PCF did provide a subsequent notification by registered, certified mail on January 12, 2015; however, that notification is of no moment because it did not meet the statutory mandate required by La. R.S. 40:1299.47(A)(5) that the PCF provide the notice by regular first class mail, which mailing date then triggers the forty-five day deadline within which to pay the filing fee due the PCF.

As noted hereinabove, nothing in the LMMA prohibits a claimant from paying to the PCF the required filing fee prior to the commencement of the forty-five deadline, as was done in this case by counsel for Ms. Brown on February 24, 2015. However, by letter dated February 26, 2015, the PCF refused to accept the filing fee and returned it to counsel for Ms. Brown. Although Ms. Brown should not be prejudiced by the PCF's improper refusal to accept the filing fee, the effect of this court's judgment is that Ms. Brown must pay the filing fee to the PCF for the December 1, 2014 request for review prior to the expiration of forty-five days from the date the notification is mailed by regular first class mail.