STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2023 CA 1014

MARK MILLIGAN AND ANTIONETTE LEVY,
INDIVIDUALLY AND AS THE SURVIVING HEIRS
OF THE DECEASED SHERILYN MILLIGAN WRIGHT

VERSUS

PATIENT'S COMPENSATION FUND OVERSIGHT BOARD,
SAGE REHABILITATION HOSPITAL C/O CARE PLAN
OVERSIGHT, LLC AND OUR LADY OF THE LAKE HOSPITAL

Judgment Rendered:     **MAY 3 1 2024**

* * * * *

Appealed from the
19th Judicial District Court
Parish of East Baton Rouge, State of Louisiana
No. C724973

The Honorable Wilson E. Fields, Judge Presiding

* * * * *

| | |
|---|---|
| Daryl A. Gray | Attorneys for Plaintiffs/Appellants, |
| Eric A. Wright | Mark Milligan and Antoinette Levy, |
| Corrie R. Gallien, III | Individually and as the Surviving |
| New Orleans, Louisiana | Heirs of Sherilyn Milligan Wright |
| | |
| David A. Woolridge, Jr. | Attorney for Defendant/Appellee, |
| Baton Rouge, Louisiana | Patient Compensation Fund |
| | Oversight Board |

* * * * *

BEFORE: WELCH, WOLFE, AND STROMBERG, JJ.

**WOLFE, J.**

This is an appeal of a judgment that dismissed plaintiffs' suit for injunctive relief against the Louisiana Patient's Compensation Fund Oversight Board (PCF) in connection with a medical review panel proceeding. We affirm.

## FACTS

On or about April 18, 2022, plaintiffs, Mark Milligan and Antoinette Levy, filed a request with the State of Louisiana's Division of Administration (DOA), seeking a medical review panel to review the care provided to their mother, Sherilyn Milligan Wright, by Our Lady of the Lake Hospital and Care Plan Oversight, LLC, doing business as Sage Rehabilitation Hospital. The DOA forwarded the request to the PCF, and the request was assigned PCF file number 2022-00308.

By letter dated April 29, 2022 (hereafter "the confirmation notice"), the PCF acknowledged receipt of the request, confirmed the qualified status of both of the healthcare providers referenced in the request, and notified plaintiffs that a filing fee of $100.00 per qualified provider was required to be paid within forty-five days of the letter's receipt. The confirmation notice advised that the fees could be waived only upon receipt of an affidavit from a physician or a district court's *in forma pauperis* ruling as provided by statute. The confirmation notice warned in bolded and underlined type that failure to comply would render the medical review panel request invalid and without effect as to the referenced healthcare providers.

The confirmation notice was sent by certified mail, with return receipt requested, to plaintiffs' counsel at the address listed on the panel request. On May 17, 2022, the Board received the signed certified mail receipt (the green card) for the confirmation notice. The delivery date was blank; therefore, as was customary, the PCF referred to the tracking information from the United States Post Office (USPS) to confirm that the certified letter addressed to plaintiffs' counsel was delivered to the front desk, reception, or mail room on May 6, 2022, at 12:30 p.m.

2

The PCF did not receive the filing fees within forty-five days of May 6, 2022; therefore, by letter dated June 27, 2022, the PCF notified plaintiffs that the request for medical review panel assigned PCF file number 2022-00308 was considered invalid and without effect. The letter was sent by certified mail to plaintiffs' counsel at the same address as the April 29, 2022 confirmation notice, and a copy was sent to the relevant healthcare providers, notifying them of the declaration.

On July 8, 2022, plaintiffs' counsel sent an email to the PCF that acknowledged receipt of the June 27, 2022 letter and asked for further information about the April 29, 2022 confirmation notice, as it was not contained in their file. Plaintiffs' counsel then requested a copy of the green card to see who had signed it. The PCF sent plaintiffs' counsel the requested copy of the green card, noting in its correspondence that the green card appeared to have been signed by the same person who had signed the green card for the June 27, 2022 letter. Neither of the signatures were legible and no printed name appeared on either green card.

On October 24, 2022, plaintiffs instituted this suit for injunctive relief to prohibit the PCF from enforcing its decision that deemed their request for medical review panel invalid and without effect.[1] Plaintiffs claimed that their counsel never received the PCF's April 29, 2022 confirmation notice that advised of the required filing fees and the deadline for remittance, averring that mail intended for plaintiffs' counsel's office was often delivered to its previous suite (located in the same building) and signed for by the tenant. Plaintiffs asserted that the certified mail receipt for the April 27, 2022 confirmation notice lacked a recipient address and that the recipient's signature was illegible. Thus, plaintiffs contended that the PCF had

---

[1]  In addition to the PCF, plaintiffs named the two healthcare providers referenced in the medical review panel request as defendants. The trial court sustained exceptions of no cause of action and dismissed plaintiffs' claims against the healthcare providers by judgment signed on February 9, 2023. Plaintiffs argue on appeal that this court should find that the healthcare providers were properly named as defendants in this suit. However, since that judgment is not before us in this appeal, we do not address plaintiffs' argument.

3

failed to carry out its statutorily mandated duty to confirm to them that their filing had been officially received. Plaintiffs concluded that they were therefore entitled to the injunctive relief sought. In their supporting memorandum, plaintiffs argued that they would suffer irreparable injury without injunctive relief because they would be barred from seeking review of the healthcare providers' actions with respect to their mother's death.

In opposition to plaintiffs' suit, the PCF argued that it complied with the ministerial duties imposed by the MMA and that it had no control over a counsel's office procedures regarding retrieving certified mail from a central mailroom. The PCF maintained that it was required to treat plaintiffs' request for a medical review panel as invalid and without effect since plaintiffs failed to submit their filing fees.

After an evidentiary hearing, the trial court found that the PCF complied with its statutory duties and that plaintiffs failed to submit the filing fees within the required time period. The trial court then rendered judgment denying and dismissing plaintiffs' petition for injunctive relief, and adopting the PCF's pre-hearing memorandum as its reasons for judgment.

Plaintiffs now appeal, arguing that they are entitled to injunctive relief because the PCF failed to adequately prove that their counsel received notice of the amount of the filing fees and the deadline for remittance.

## DISCUSSION

A writ of injunction is a harsh, drastic, and extraordinary remedy that should issue only in those instances where the moving party is threatened with irreparable loss or injury and is without an adequate remedy at law. See La. Code Civ. P. art. 3601; **Animal Legal Defense Fund v. State, Dept. of Wildlife and Fisheries,** 2012-0971 (La. App. 1st Cir. 4/25/13), 140 So.3d 8, 18, writ denied, 2013-1565 (La. 10/4/13), 122 So.3d 1025. In this context, irreparable injury means a loss that cannot be adequately compensated in money damages or measured by a pecuniary standard.

4

A showing of irreparable injury is not necessary when the act sought to be enjoined is unlawful. **Animal Legal Defense Fund**, 140 So.3d at 18.

As a general rule, an injunction will issue only its prohibitory form; however, if the enjoyment of a real right is obstructed, a plaintiff may be entitled to a mandatory injunction that commands a defendant to remove the obstruction or undo something that has been illegally done. See **Concerned Citizens for Proper Planning, LLC v. Parish of Tangipahoa**, 2004-0270 (La. App. 1st Cir. 3/24/05), 906 So.2d 660, 664. Here, plaintiffs framed their request for relief in terms of an injunction to prohibit the PCF from enforcing its decision that deemed their request for a medical review panel to be invalid and without effect. In substance, however, plaintiffs requested a mandatory injunction ordering the PCF to remove its declaration and reinstate their request for review. See **Garner v. Redwood Investment Co.**, 2022-1049 (La. App. 1st Cir. 7/31/23), 371 So.3d 528, 532 (stating that a pleading's substance determines the nature of the proceeding); **Green v. Patient Compensation Fund Oversight Board**, 2021-1310 (La. App. 1st Cir. 7/5/22), 344 So.3d 161, 167 (recognizing that a court may order the PCF to remove a declaration of invalidity or reinstate a request for medical review panel in response to a pleading requesting a declaratory judgment, *mandatory injunction*, or rule to show cause). A mandatory injunction can only be issued in permanent form after a full trial on the merits where the plaintiffs bear the burden of proving they are entitled to the injunction. **Deshotels v. White**, 2016-0889 (La. App. 1st Cir. 8/16/17), 226 So.3d 1211, 1218, writ denied, 2017-1565 (La. 12/5/17), 231 So.3d 628. The issuance of a permanent injunction is subject to the manifest error standard of review. **Spine Diagnostics Center of Baton Rouge, Inc. v. Louisiana State Board of Nursing**, 2008-0813 (La. App. 1st Cir. 12/23/08), 4 So.3d 854, 864, writs denied, 2009-0144 and 2009-0188 (La. 4/13/09), 5 So.3d 163.

The MMA requires that all malpractice claims against qualified healthcare providers be reviewed by a medical review panel prior to suit. See La. R.S. 40:1231.8(A)(1)(a) and (B)(1)(a); **Kirt v. Metzinger**, 2019-1162 (La. 4/3/20), 341 So.3d 1211, 1215. To initiate review, a claimant must file a written request for review with the DOA. See La. R.S. 40:1231.8(A)(1)(b); **Kirt**, 341 So.3d at 1215. The DOA is required to file stamp the request and forward it to the PCF within five days. See La. R.S. 40:1231.8(A)(2). Within fifteen days of receiving the claim, the PCF must confirm to the claimant by certified mail, with return receipt requested, that the filing has been officially received and inform the claimant whether the named healthcare providers have qualified status, the amount of the filing fee and its due date, and that failure to timely pay the fee or provide a valid waiver will render the request for review invalid and without effect. See La. R.S. 40:1231.8(A)(3).

The claimant's receipt of the PCF's confirmation notice triggers the forty-five-day delay for the claimant to pay the required filing fees.[2] See La. R.S. 40:1231.8(A)(1)(c). Thereafter, "[t]he claimant either timely pays the filing fee and preserves the claim against [the healthcare provider referenced in the confirmation notice]; or the claimant fails to timely pay the filing fee, rendering the request for review of the malpractice claim against that [provider] invalid and without effect." **Kirt**, 341 So.3d at 1218 (italics omitted). The PCF is required to notify the claimant and all named healthcare providers by certified mail whether the filing fee was or was not timely received. See La. R.S. 40:1231.8(A)(4).

The PCF's authority to process a request for medical review panel is limited to the mandatory and ministerial duties imposed on it by the MMA to facilitate the

---

[2]   Prior to its amendment by 2016 La. Acts, No. 275, the forty-five-day period began on the date the PCF mailed the confirmation notice. Notably, the amendment only changed the trigger-date for *the initial request for review* to the date the claimant receives the PCF's confirmation notice. If the claimant subsequently requests to add another healthcare provider not named in the initial request for review, the forty-five-day period for the claimant to pay the additional filing fee begins on the date the PCF mails its confirmation notice. See La. R.S. 40:1231.8(A)(1)(g); **Kirt**, 341 So.3d at 1216 n.7.

medical review process. See **Kirt**, 341 So.3d at 1218; **Franks v. Louisiana Patient's Compensation Fund Oversight Board**, 2016-0765 (La. App. 1st Cir. 5/3/17), 220 So.3d 862, 867, writs denied, 2017-0868 and 2017-0877 (La. 9/29/17), 227 So.3d 294. The PCF's duties are not adjudicative in nature. **Brown v. Patient Compensation Fund Oversight Board**, 2017-0318 (La. App. 1st Cir. 1/5/18), 241 So.3d 1167, 1172. Rather, the PCF stands in the same position as clerks of court who are charged with the duty to receive and process judicial filings. **Kirt**, 341 So.3d at 1218. The PCF cannot improvise measures not authorized by the MMA. **Franks**, 220 So.3d at 869.

Here, there is no dispute that the PCF sent the required confirmation notice by certified mail, with return receipt requested, to plaintiffs' counsel at the appropriate address. The PCF received back the signed green card and calculated the due date for the filing fees. Plaintiffs contend, however, that "the [MMA] requires the PCF to examine the green card returned and determine if it sufficiently proves that [plaintiffs] or their counsel received the filing fee deadline letter." They argue that the PCF was required to take additional steps because the green card's signature was illegible and the mailing address was not reflected thereon.

The record establishes that the PCF complied with its statutory duties by sending the required confirmation notice by certified mail, with return receipt requested, to plaintiffs' counsel at the address counsel provided. Upon receipt of the signed green card for the confirmation notice it mailed to plaintiffs' counsel's address, the PCF used tracking information provided by USPS to determine the date of receipt and calculate the forty-five-day period for payment of the filing fees. The MMA does not require the PCF to authenticate the signature on the certified mail receipt or otherwise verify that plaintiffs and their counsel actually received the certified mail signed for in plaintiffs' counsel's office. Mindful that the MMA must be strictly construed, we will not read into it language that is not contained therein.

7

<u>See</u> **Sebble on Behalf of Estate of Brown v. St. Luke's #2, LLC**, 2023-00483 (La. 10/20/23), 379 So.3d 615, 621 ("It is well settled that the [MMA], a statute in derogation of victims, must be 'strictly construed.'").

At the evidentiary hearing before the trial court, plaintiffs argued that "this whole case is about a mailing issue." They introduced into evidence the deposition testimony of Maria Henry and Kandall Smith, employees who handled the mail in plaintiffs' counsel's office. Their testimony established that their office is located in a large office building with a central mail room run by USPS and that someone from the office is required to go to the mailroom to retrieve the mail. Henry indicated that in late 2021 or early 2022, plaintiffs' counsel moved their office from one suite to another in the same building, and that their mail still sometimes went to the law firm that moved into their former suite. Henry stated that there was no set arrangement between the two law firms to take each other the wrongly delivered mail, although she usually brought the other firm's mail to them if she received it. Henry explained that when it first became clear that some mail was going to the former suite, she contacted the other law firm to see if they had any of plaintiffs' counsel's mail and was told that some had been received and returned to the central mailroom, and that they were no longer delivering it to plaintiffs' counsel.

Henry and Smith explained that when certified mail was delivered to their building, the postal worker separated the green cards from the letters in front of the office representative and asked the office representative to sign and print their name on the receipts in the mailroom; however, the system did not involve the office representative matching each green card they signed to the particular letter they received. Both Henry and Smith testified that their office's practice was that green cards should be signed with the name also printed legibly. During their depositions, they examined the signature on the signature line of the green card for the confirmation letter and denied that it was theirs. Henry indicated that a former

employee sometimes collected mail during the time at issue; however, Henry denied ever seeing the signature reflected on the green card for the confirmation letter or recognizing it as anyone else's from their office. Smith likewise denied recognizing the signature. However, Henry acknowledged a recent instance in which it was ultimately determined that a settlement check for plaintiffs' counsel's client was mistakenly received and signed for by the law firm occupying that former suite, after that law firm denied any involvement.

After reviewing the evidence presented, the trial court found that plaintiffs failed to prove their entitlement to injunctive relief. The trial court acknowledged that the green card at issue did not reflect a printed name or delivery date, but found that it was allowed by USPS procedure and, more importantly, that USPS tracking provided the necessary delivery information. Thus, the trial court found that the PCF complied with its statutory duties and adopted the PCF's argument that the forty-five-day delay for payment of the filing fee began on May 6, 2022.

After thorough review, we agree with the trial court's ruling. The PCF complied with its ministerial statutory duties under the MMA, which requires notice sent by certified mail with return receipt requested. The USPS documentation sufficiently established claimant's receipt of the PCF's confirmation notice.[3] The required filing fee was due forty-five days later. There is no dispute that the filing fee was not paid. Thus, under the facts presented, plaintiffs failed to prove their entitlement to injunctive relief.

## CONCLUSION

The judgment of the trial court is affirmed. All costs of this appeal are assessed to Mark Milligan and Antoinette Levy.

**AFFIRMED.**

---

[3] Consequently, La. R.S. 40:1231.8(A)(5), which sets forth the requirements of the PCF when it is unable to determine whether notification by certified mail was received, is inapplicable.

9